The opinion of the court (Huston, J. takirig-no part in consequence of a remote interest in the cause,) was delivered by
Gibson, C. J.
Whether the suffering of a nonsuit be within the purview of the act, we do not positively determine. It certainly produces the consequences of a retraxit, by depriving the defendant of his remedy against the plaintiff, and stands in equal mischief. To prevent the' plaintiff from eluding further responsibility by shifting his ground and setting up the avvard, after the defendant may have been induced to forego the right of appealing for himself, seems to have been the main object of the act. A nonsuit may be one way of withdrawing an appeal, as it certainly is one way'of withdrawing from the consequences of it. In using general terms, the legislature might well be supposed to have had in view, all cases obnoxious to the same mischief. This supposition is strengthened by the undoubted fact, that it was a case of nonsuit sustained by this court in Moore v. Hamilton, (not reported,) which led to the,enactment of the law.
But granting this point to the plaintiff in error, still it is clear, that he has ratified the nonsuit and is estopped from denying the legality of it. Had hepleaded, the avvard as a final judgment, instead of giving it in evidence, there could not have been a doubt on the subject, an affirmation of record being conclusive against afterwards denying the fact. So of any other act of record; as the acknowledgment and enrolment of a deed, which precludes the plea of non est factum; or, the levying of ii fine, which precludes an allegation that the parties had nothing. But a party may be estopped as effectually by matter in'pais, as by matter .of record. .Thus, a widow, who has recovered a dower, shall not, claim land settled on her in jointure; and a party may be estopped by the acceptance of rent, or by entry, or livery. References, to the authorities for these instances, are to be had in Com. Dig., title Estoppel. Here, in an action between the same parties, the plaintiff in error relied on the award, as having, by force of the arbitration act, the effect of a verdict and judgment, which it could not have, if‘the appeal *366 were still depending; and he shall, not controvert what he himself directly asserted. .
Estoppels are sometimes said to be odious; and it has been affirmed, that there is no such thing as an equitable estoppel. But the doctrine of election, which prevents a party fro.m claiming in repugnant rights, and which has been so advantageously introduced into courts of equity, is manifestly an extension of the principle. In courts of law they are for the most part, reconcileable to the purest morality, and when they produce neither hardship nor injustice, they merit indulgence, if not favour. The conclusiveness of judgments which conduces so essentially to peace and repose, has no other foundation. The plaintiff in error had the benefit of the award as far as it would serve him, and shall not now disaffirm his solemn act in a court of record.
Judgment affirmed.