The opinion of the majority of the cou'rt was given by
Tod, J.
A verdict, like an award, ought to haye in it something final and conclusive. The wording of it must not be such as of itself to create disputes. 'An ejectment brought for land, describing it as in this yerdict would bo clearly wrong, because in case of re *432 eovery the sheriff could not know how to deliver possession. Here the execution must follow the terms of the verdict,, and be extremely puzzling to a mere executive officer.. Had the jury said what half, what side, or what end of the tract, or by what lines it was to be laid off, and whether in one piece, or several pieces, so as to be equal in quantity with the residue of the tract, and had stopped there, some degree of certainty might have been, attainable. But .riot only is the sheriff to take what, part of the tract he pleases, (leaving as much of the improvement as practicable,) but he is to make an-equal division according to quántity and quality; that is, as I understand the verdict, he who according to the ideas of the sheriff gets the poorest land must have so much more of it, as to.rhake it equal in value to, the other share. Of all these matters the sheriff must, of necessity,, be sole-judge, and the appeal from his supposed mistake or partiality, must be by a new ejectment. Besides, who, will say from this verdict whether it was the jury’s intention that the improvements of Michael sho.uld be considered in the estimate of value or not? that is,.whether they intended to give to William half off the avails of Michael’s labour, as «sell as half of the land ? It would be clearly useless, and worse than useless, to reserve the improvements as far as practicable, if they did hot'intend that the improvements should also be excepted in estimating the-value. Yet the w.ords are' positive to lay off the half to William according to quantity and quality.
It was said at the bar that the. verdict may be sustained by inferring the parties to have been tenants in common of the land: and thus the. reservation of the improvements was a favour, and not a thing of which the plaintiff in error has,any right to complain-. There is no intimation of this in the verdict. At any rate, I would deny the power of a jury to make' a distinction as to title' between a man’s woodland and his cleared fieldsj belonging to the same farm, except for some very manifest reason. There appears, to me hardship in the very idea-of giving all the clearings to one, and all the woods to another, and thus spoiling the whole. It is not by any means certain that the jury intended to give William the benefit of Michael's labour. But one thing appears certain, that a writ of ejectment cannot be legally substituted for a writ of partition; nor a sheriff-put in place of a jury. To execute a partition the law requires sureties and bonds, and a jury upon the ground, after an express judgment of the court to that effect. Even after such judgment, the act of assembly gives a jury ho power to spoil a farm by dividing it. If not to be parted without'damage, they are to value the whole undivided. I am of opinion that the judgment be reversed.
Huston, J.
The only error relied on, is a supposed defect, or illegality in the verdict, and. judgment on it. It is in these w.ords: a Wq find for the plaintiff one half of the survey, according to a *433 dra,ft signed by Hugh Conway, deputy surveyor, and filed in this case; ánd the land to be laid off according to quaritityand quality,, reserving to Michael Martin as" much of the improvements as practicable.” This verdict, though not expressed in the clearest possisible form, is perfectly intelligible. One half of the land to be laid off according to quantity and quality, is equivalent to sayingan undivided half: it clearly means that — and without straining cannot mean apy thing else — “ according to á draft signed by Hugh Conway and filed in-this case.” This reference makes this draft a part of the verdict and of the record. We have so many verdicts in these words, and such verdicts have been so often sanctioned by this court in cases not reported and reported, that-I consider it not disputable, A report of referees, finding for the plaintiff, according to the decision of the board of property, was held good in this court. “ Reserving to Michael Martin as much of the improvements as practicable,” cannot be misunderstood: it is equivalent to saying that, the improvements-of Michael Martin shall be in the half allotted to Michael.
Where two hold land in partnership, a 'writ of partition is the mode of. compelling a division; but if oneofthern has dusted the other and has the sole possession, it is necessary for him who is ousted to bring a.n ejectment to recover the possession, before a writ of partition can issue. The recovery of the actual or at least legal possession, is necessary to commence,the proceeding in partition. This carried so far in- England, that in a proceeding for partition in chancery, if a defendant denies the possession of the plaintiff, the bill will be dismissed, or in some cases retained till the plaintiff recover possession" at law. Bunbury, 322. 1 Com. Dig. 733, Chan. E. 4. 1 Johns. Ch. 111. Though, if the titles are equitable, arid the title of plaintiff, not the-possession, is denied, chancery will decide on the title. 2 Atk, 380. 4 Johns. Ch. 271, note.
The jury in ejectment cannot divide the land, and find for the plaintiff his portion in severalty. Can, they find that one of the parties is to have his share allotted, so as to include a certain part of the premises? Ihohl they can. This could be — -nay, must be, done at common-law. In some cases, a father advances one of his daughters, by giving..her a part of his lands, and dies; the other parcener brings a writ of partition, --the advanced daughter puts the part she has received .into hotchpot. . In the" partition'this-part allotted to her must be included in -her share, and so-much added to it as vvill make her part equal to the other sister. — Co. Litt. 177, sect. 268. Com. Dig. Title Parcener, C. 4. This before chancery had interfered in partition. Almost all partitions are now made in chancery, and it has long been there establishéd, that every parcel of the estate need riot be dividedit is sufficient if-each parcener or tenant in common,- have-what is an-equal proportion of the whole. I P. Wms. 446. This is'recognised in our acts, by the *434 fourth section of our intestate act. If the intestate leaves a widows and no children, the widow is to have one half of the real estate, including the mansion house, during her life. The jury and sheriff then must m'ake the partition, if the land can be divided, so as to include the mansion house in the widow’s part,- and the writ to the sheriff in most counties directs him in this way, and it ought so to direct him in all counties. If it is said that the Orphans’ Court have chancery powers, I answer, the case put above -proves it to be a common law power; and, further, that in this state the Common Pleas have by our acts of assembly chancery powers in partition. At eommon law the plaintiff in partition must make title to the part declared on, or he fails;, by our act the court must “ examine the plaintiff’s title, and the quantity of his part', or purpart; and accordingly as they shall find his part or purpart to be, give judgment, and award a writ-to make partition, whereby.such proportion, or purpart shall be set out in severalty.” Where the defendant appears and pleads, and the facts of interest in the plaintiff, or possession are disputed, the court generally directs an issue, and these are settled by a jury, and I think- this ought always to be done in such cases. But if the defendant does not appear, the court must examine the title, and give the judgment; and by the very words of the law this judgment may be different from the plaintiff’s claim in his writ. But must it be a judgment that the plaintiff'recover ^one half, or one fourth, as the case may be;- or may it be, and must it be in'some cases, that, a certain part of the premises be included in the purpart of some one of the co-tenants? Heirs may still, where they are of age, or where one of them has.sold, bring partition in the Court of Common Pleas,-and there the'judgment must be special; that is, that the part given one child in advancement, or the man'sion-house, if widow and no children, be included in the purpart, where, by law, it must be. And why not the same in all cases where justice and the rights of the parties require it ? , , -
There are many hundred executory agreements in this state, by which the owner of lands has agreed to give to a person, for example, one hundred acres, to be laid off so as to include his improvements, provided he moves, on -the land, builds, clears, and cultivates for a specified number of years. Deeds are never made in .the first instance, because the right,is only to accrue on complying with the agreement. These agreements are perfectly legal, no reason can- be given wby they should'not be carried- into effect. Suppose one o'f these settlers having complied, the land owner and he cannot agree as to how,-or where the division is to be made, and a writ-of partition- is-brought, (the only writ which can be brought where each acknowledges the right and the possession of the other,) will the court award a writ to make partition, so as to give the settler one half or one-fourth generally, or to give it so as to include his improvements,- — in the words of the act'of assembly, ■“give judgment according as they.shall find his right to be?” ■ *435 The equity powers of our courts are not defined; we have not been backward in assuming them where justice requires the exercise of such power, and it is among the best parts of our administration of justice. Shall we refuse-or reject it when expressly given? But the difficulty often is, that in England the judgment is general; and the forms of the common law impede us at every step. Be i.t so. Still we have .altered these in many cases; and, where the power requiring us to do so is expressly given, I can see no objection to adapting the form of the judgment.to the execution of the power. ■
If it is said this is an ejectment, and not a writ of partition, I answer, that in ejectment we exercise more extensive equity powers than in any other form of action; and we have a great number of verdicts in ejectment perfectly good here, which would not be so In a court where there is a chancellor in the other end of the hall. And further, I would consider this the first step towards a partition of the tract in question. If the verdict and judgment here was for an undivided half, it would seem to stand in the way of a.division giving one his share to include his improvements; it would leave something to be got over in the succeeding stages of the cause. But I may be told, we have before us no agreement of the parties, showing why the jury were of opinion, that Michael’s part should include his improvements, or so much of them as is practicable. The answer is easy: the plaintiff has brought no part of the record before us but the charge of the court, and the verdict and judgment; We have a right to take it this was, because bringing more would not be for his advantage, because the facts stated, are as favourable as he could expect. And as a general rule, I would support a charge, or a verdict and judgment, brought up in such way, if I could suppose any state of facts which would make th’em good, Such is the course of the courts in other countries, and reason and experience say such is right to be the answer here. We have no right to presume this verdict was so given without reason or against reason, we are bound to suppose it given on proof which justified it. The rule, is as familiar as any other, that after a verdict every thing shall be presumed to have been proved, which was necessary to entitle the party' to recover. But there is to my mind an additional reason for supporting this judgment, it is palpable that this latter clause of the verdict was put in for the benefit of the defendant below, and in consequence of proof adduced by him. I would not permit a party in any case to reverse a judgment which can be carried into effect, and I think I haye. shown this could be, because of any thing which is for his own benefit. If he says this is not for his benefit, the plaintiff does not insist on it, doés not want it. I would then strike it off as surplusage; the verdict is complete without it, but I would not reverse."
Judgment reversed, and a venire facias de novo awarded.