*[PHILADELPHIA, APRIL 9, 1838.]    ·    [*419]

KELLY and Another *against* EICHMAN and Another.

IN ERROR.

1. Where an action for work and labour done had been brought by A. against B. before a justice of the peace, and on the hearing C. was offered as a witness for the plaintiffs, and objected to, on the ground that he was a partner of A. in the contract, and the witness was rejected by ·the justice, who dismissed the suit on the ground that it could not be maintained by A. alone, and another suit was then brought by A. and C. jointly, against B. for the same cause of action : it was *held*, on the trial of that cause, that the defendant was estopped from denying that the action was well brought; although it appeared by the evidence that the contract was with A. alone, and that C. was not interested.
2. Where an action of assumpsit for work and labour done, was instituted before a justice of the peace in the names of A. and B. (for the use of A.) plaintiffs, against C., it was *held*, that it could not be amended on the appeal, by striking out the name of B., so as to make the action conform to the evidence, which was, of a contract with A. alone.

ERROR to the Court of Common Pleas of Northampton County. The case came into that Court on an appeal from the judgment of J. K. Heckman, Esq. a justice of the peace, before whom the action of assumpsit was brought by George Kelly and John Boyle, (to the use of George Kelly,) against William Eichman and Christopher Midler, trading under the firm of Eichman & Midler, to recover from the defendants the sum of $90, being a balance alleged to be due to the plaintiffs for mason-·work done and performed for the defendants, at a building belonging to·them in ·South Easton.    The justice gave judgment for the plaintiffs ; upon which the defendants appealed to the Common Pleas.

On the trial before Banks, president, John Boyle, one of the plaintiffs, was examined and stated that he had no interest in the question, that he had a part in the contract originally but gave it up before the building commenced, and that Kelly went on with the work.    The witness also proved that the work was done by Kelly, and that the defendants promised to pay him.

J. K. Heckman, Esq. proved that Kelly alone brought a suit before him for the same cause of action, and also for a small sum *due to him upon another account: that Midler, one of    [*420] the defendants, appeared in that case, and resisted the plaintiff's claim, so far as respected the work done for the building, which was in controversy in this case, on the ground that it was a partnership concern between Kelly and Boyle : and that he dismissed the suit as to that part of the claim upon this ground.

(Kelly *v.* Eichman.)

The following transcript from the docket of the justice was then given in evidence.

"George Kelly,
        v.
William Eichman and Christopher Midler.

Summons demand not exceeding $100—issued October 1st, 1836, directed to the constable of the borough of Easton, returnable the 7th instant, at two o'clock in the afternoon.  The plaintiff's demand is for work done and performed for the defendants $3 06; also for the amount assumed to pay for 326 perches, 9 feet, 2½ inches mason work done, as per verbal contract with William Hall, to the defendants' house, at fifty-eight cents per perch, $195.—Cr. By cash received $90; also orders on the store $15.  Summons duly served on oath of H. S. Troxell.  And now October 7th, 1836, the parties appeared, by consent continued until the 15th instant, at one o'clock P. M.  And now October 15th, 1836, the plaintiff and C. Midler one of the defendants appear: the plaintiff offers John Boyle, who is objected to by the defendants, and after hearing William Hall on oath, he is rejected; and after hearing the evidence of Jacob Hazard and William Hall on their oaths, it appeared that the original contract was entered into between William Hall, of the one part, and George Kelly and John Boyle of the other part, therefore the assumption is not allowed; and judgment for the plaintiff for his individual account for $3 06 with costs."

The present suit was commenced before the same justice, on the 15th day of October, 1836.

Tho Court here said that the plaintiffs could not recover; the suit being joint by Kelly and Boyle, and the evidence showing that Kelly alone had the contract and had done the work, and added that the defendants were not estopped from denying the partnership by the former proceeding and judgment before the justice.

The plaintiffs' counsel then asked for leave to amend the declaration and title of the suit—so that the cause should proceed in the name of George Kelly alone, and so that the plaintiff should be permitted to try his cause upon the same evidence upon which it was tried before the justice; which amendment the Court refused to allow.

[*421]          *The plaintiffs then closed; and the defendants offering no evidence, the Court delivered the following charge to the jury: (After stating the evidence;)

"The evidence proves that Kelly alone had the contract and did the work.  There is no contradiction in the evidence on this point.  The suit is a joint suit, by Kelly and Boyle, and it is

(Kelly v. Eichman.)

therefore necessary that an indebtedness to them jointly should be shown. The plaintiff must prove his claim as laid. If he fails to do this he cannot recover. It is said that Kelly is the party in interest, and that the suit may be tried, as if he stood alone on the record. Boyle is as much a party on the record as Kelly is. Neither Kelly nor Boyle is the party, but both of them. The jury was sworn to try the issue between them and the defendants, and not between Kelly and the defendants.

The Court cannot add a party to the record by way of amendment, as appears in the case in 8 Serg. & Rawle, page 57, and in 14 Serg. & Rawle, page 432.

If the Court cannot add a party nor change a party, it would appear that we could not disregard the party on the record. This being the case, the plaintiffs not having proved a contract between them and the defendants, nor an indebtedness by the defendants to them, they cannot recover in this case.

Nor is there any thing in the former suit between Kelly and the defendants before Esquire Heckman, which would estop the defendants from taking advantage of this defence in this action. If Kelly was dissatisfied with the decision of the justice, or if the decision of the justice was wrong, his remedy was to appeal from the judgment."

The plaintiff's counsel excepted to the charge; and the jury having found for the defendants, a writ of error was taken, and the following errors assigned.

"1. The Court erred in charging the jury that the former suit between Kelly and the defendants, before Esquire Heckman, did not estop the defendants from denying that Kelly and Boyle were jointly interested in this transaction, and in not charging that the defendants were estopped from alleging that this suit was not rightly brought in the plaintiffs' names.

2. The Court erred in charging the jury that the plaintiffs could not recover in this case.

3. The Court erred in refusing the amendment asked for by the plaintiffs' counsel, and in their charge to the jury in relation to that matter."

Mr. *Hepburn* for the plaintiff in error, cited Archbold's Civil Pleading, 204; Co. Litt. 352, (*b.*); *Martin* v. *Ives*, (17 Serg. & Rawle, 364); *Lyon* v. *Chalker*, (2 Watts, 14); *Graham* v. *Vandeleur*, (2 Watts, 131); *Bratton* v. *Seymour*, (4 Watts, 329); *Comfort* v. *Leland*, (ante, p. 82). [*422]

Mr. *R. Brodhead*, Junior, *contra*, cited, *Wilson* v. *Wallace*, (8 Serg. & Rawle, 53); *Dunn* v. *The Commonwealth*, (14 Serg. & Rawle, 432); *Farmers and Mechanics Bank* v. *Israel*, (6

(Kelly *v.* Eichman.)

Serg. & Rawle, 294); *Coxe* v. *Tilghman*, (1 Whart. Rep. 182); *Owen* v. *Shelmaker*, (3 Binn. 46); *Wright* v. *Gay*, (10 Serg. & Rawle, 229); *Caldwell* v. *Thompson*, (1 Rawle, 307); *Dawson* v. *Condy*, (7 Serg. & Rawle, 368.)

The opinion of the court was delivered by

Rogers, J.—For the purposes of the point raised by the first exception, we must take it, that the contract on which the suit is brought was with Kelly alone: and this is the fair import of the evidence. Have the defendants, then, precluded themselves from the benefit of this defence, by their own act; for unless they have, it is very clear, that the action in the name of Kelly and Boyle cannot be supported by proof of a contract with Kelly alone. It is contended, that the defendants were estopped from denying that Boyle and Kelly were jointly interested in the contract, because, in a former suit with Kelly, Kelly was prevented from availing himself of this claim, on the allegation, that the contract was made with Kelly and Boyle, and not with Kelly alone. An estoppel is when a man is precluded, by his own act or acceptance, from saying the truth. And it may be by matter of record, of writing, or *in pais*. Co. Litt. 352, *c*. The defendants availed themselves of the plea, that the action was joint, when it suited their purpose; and shall they be permitted now to deny their own suggestion, when it operates against them? If they are at liberty to do so, where will it. end? May it not be repeated, again and again, to meet the emergency of each particular case? To prevent such injustice and delay, it has been repeatedly ruled, that a party may preclude himself, by his own act, from alleging the truth: and in accordance with this principle, it was decided, in *Martin* v. *Ives*, (17 Serg. & Rawle, 364,) that when the defendant gave in evidence an award of arbitrators, in an action of ejectment, between the same parties, he was estopped from denying its validity, on error. That a party should be estopped, under such circumstances, from showing the truth, is an equitable, as well as a legal principle; for where a person has the benefit of a defence, as far as it serves his turn, good faith and fair dealing require, as between the same parties, that he should not be allowed afterwards to repudiate it, when it makes against him.* It is the duty of the Court, so far as practicable, to discourage false pleas; and this may, in some measure, [*423] be done, by preventing the *party who resorts to such shifts, from reaping any advantage from them.

Next, as to the refusal of the Court to allow the amendment. It has been decided in two cases, *Wilson* v. *William's Executors*,

* See *ante* 274.

(8 Serg. & Rawle, 57,) and *Dunn* v. *Conner*, (17 Serg. & Rawle, 432,) that a new party cannot be added, nor a new cause of action introduced, under the pretence of an amendment. Now it is difficult to perceive a distinction between adding and striking out the names of parties to a suit; for the effect, in either case, is to change the whole ground of controversy. The decisions under the fourth section of the act of the 20th of March, 1810, under which the amendment is claimed, have been sufficiently liberal, but have not yet gone to the extent proposed. Appeals from Justices of the Peace, under the act, are subject to the same rules as other actions, where the parties are considered to be in Court. No deficiency in form, or substance, in the record, or proceedings returned, nor any mistake in the form or name of the action, prejudices *either party*, in the court to which the appeal is made. By the use of the terms, *either party*, the legislature evidently refers to the parties before the justice. The parties and the cause of action being the same as before the justice, the act authorises the appellate Court to allow amendments in substance, as well as in form: and this, perhaps, is as far as can be prudently permitted; for it is the opinion of some of our wisest judges, that a greater latitude would lead to inextricable confusion and difficulty. But be this as it may, the amendment, as laid, is neither within the words, nor in the spirit of the act of 1810, and was therefore properly refused. Such radical changes should not be allowed, without express legislative direction.\*

Judgment reversed, and a *venire de novo* awarded.

Cited by Counsel, 1 Watts & Sergeant, 242, 298; 8 Id. 30; 2 Barr, 426; 3 Casey, 180.
Cited by the Court below, 1 Jones, 402.
Cited by the Court, 4 Wharton, 346; 1 Jones, 55, 227; 7 Harris, 177.
Brought before the Court again, 5 Wharton, 446.

---

\* See *ante* 87; 2 Harris 70, 133; 3 Id. 22; act of May 4, 1852, P. L. 574, Pur. Dig. 47, § 3.