[ PHILADELPHIA, APRIL 2D, 1840. ]

KELLY and Another *against* EICHMAN and Another.

### IN ERROR.

An action was brought by A. before a justice of the peace against the defendants, to recover a balance alleged to be due by them for work done. The justice gave judgment against the plaintiff, on the ground that B. was a partner with him in this contract, and in the performance of the work, and ought to have been joined as plaintiff. A new action was then brought in the names of A. and B. to the use of A., against the same defendants. *Held*, that B. was not a competent witness for A. on the trial of this action.

ERROR to the Common Pleas of Northampton County.

In 1836, George Kelly brought an action before a justice of the peace of Northampton county, against William Eichman and Christopher Midler, to recover a balance of money alleged to be due by the defendants for work done to a certain building. The plaintiff offered one John Boyle as a witness in support of his claim, who was objected to on the part of the defendants, and rejected by the justice ; who gave judgment against the plaintiff, on the ground that the original contract was entered into by the plaintiff and Boyle as partners, and therefore that Boyle ought to have been a party to the suit.

A new action was then brought in the name of George Kelly and John Boyle (to the use of George Kelly) before the same justice against the same defendants ; in which the plaintiffs obtained a judgment for the sum of ninety dollars for work alleged to have been done and performed by them, for the building belonging to the defendants.

An appeal was taken by the defendants to the Common Pleas, where the evidence showed that the contract was made and the work done by Kelly alone ; and the Court ruled that on this ground the plaintiffs were not entitled to maintain their action. A writ of error was taken, and it was held by this Court that the defendants

(Kelly v. Eichman.)

were estopped by their proceedings before the justice in the first action from denying that the contract was joint.* The judgment was therefore reversed, and a *venire de novo* awarded.

The record having been remitted to the Common Pleas, the cause came on for trial again before Judge BANKS, on the 22d of April, 1839, when John Boyle was called as a witness on the part of the plaintiffs. He was objected to by the defendant's counsel, on the ground that having been a partner with Kelly in the contract, and being one of the plaintiffs on the record, he was not a competent witness.

The objection was however overruled by the learned judge, and the witness admitted. Whereupon the plaintiffs excepted; and a verdict having been given for the defendants, a writ of error was taken.

Mr. *Brodhead* and Mr. *A. E. Browne*, for the plaintiffs in error, cited *Baxter* v. *Graham*, (5 *Watts*, 418.) *Vincent* v. *Huff*, (4 *Serg. & Rawle*, 301.) *Black* v. *Marvin*, (2 *Penn. Rep.* 138.)

Mr. *Hepburn*, contra, cited *Martin* v. *Stille*, (3 *Wharton*, 337.) *Hart* v. *Heilner*, (3 *Rawle*, 407.) *Wolverton* v. *Hart*, (7 *Serg. & Rawle*, 273.)

The opinion of the Court was delivered by

ROGERS, J.—When this case was formerly reviewed, (3 *Wharton*, 419,) it was ruled that the defendants were estopped from averring that this was a joint contract, in consequence of a former proceeding and judgment before a justice of the peace. A suit had been brought in the name of Kelly alone; and on the defence that the contract was made with Kelly and Boyle, the justice gave judgment for the defendants. If the plaintiff was aggrieved, his remedy was by appeal; but instead of resorting to this obvious course, he acquiesced in the correctness of the decision, and resorted to the present suit. After this, he is estopped from alleging that the contract was with Kelly alone, for it is not competent for him by proof *aliunde*, and especially by the oath of one of the parties, to show, contrary to the record, that it was not a joint contract. Is then Boyle, who is put on the record by Kelly, competent without a release, to prove the indebtedness of the defendants? We are of the opinion, that he is not competent for that purpose; for although it has been decided that on a common assignment in this state, there is no warranty of the solvency of the debtor, yet there is an implied warranty that the debt is due. A judgment for the defendants would subject Boyle to a suit by Kelly, on the assignment; and consequently he has such

* See 3 *Wharton*, 419, (*Kelly* v. *Eichman*.)

an interest in the suit as to exclude his testimony. *Baxter* v. *Graham*, (3 *Watts*, 419.) *Fetterman* v. *Plummer's Administrators*, (9 *Serg.* & *Rawle*, 20.) The plaintiff must adopt the alternative, either that the contract is joint, when the witness is incompetent, or that it is not joint—in which case the suit cannot be sustained.

Judgment reversed, and a *venire de novo* awarded.