### M'DONALD *against* RAINOR and VANTINE.

In an action by the payee of a promissory note, against the ma- ker, brought before a justice, the defendant pleaded that the note had been endorsed by the payee, and that the endorsee had sued the de- fendant on the note before an- other justice; but it appearing that in that suit the maker ob- jected to the ti- tle of the en- dorsee, or to some defect in the endorse- ment, in conse- quence of which no recovery was had on the note, it was held, that the plea was no bar, and that the defendant could not, in this suit, set up the endorse- ment as good,

IN error, on *certiorari*, from a justice's court.

The defendants in error brought an action against the plaintiff in error, and declared against him on a note drawn by him to them for 14 dollars and 65 cents, dated 13th *April*, 1809; also, on an account, for eleven bushels of oats, and on an order, in favour of *Edmund Rogers*, to the amount of one dollar. To the note, the plaintiff spe- cially pleaded, that it had been endorsed to *James P. German*, and not endorsed back to the plaintiff; and further, that he had been sued by *German*, and dis- charged by the jury from the note, and that the endorse- ment was void, because *Rainor* had made use of *Vantine's* name, in the endorsement. To the residue of the plain- tiff's demand, the defendant pleaded *non assumpsit*, and a set-off. On the trial, the defendant admitted himself answerable for the order, and there was some circum- stantial evidence about the oats, and positive proof as to delivery of part. The defendant then introduced the re- cord of a trial in a cause, in which he was plaintiff which he had, in the former suit, shown, or attempted to show, to be bad.

against *James P. German*, wherein it appeared, that German attempted to *set off* this note, and that *M'Do nald* objected to its allowance, alleging the endorsement to be illegal, because *Vantine* had not signed it.   And the jury who tried the cause, after returning to give their verdict, delivered the note to the justice to be re-turned to *German*.   The plaintiff then offered to prove, by several of the jurors who tried the cause, mentioned in the record which the defendant introduced to show that the note was not allowed to *German*.   This evidence was objected to, but admitted, and that fact was fully pro-ved by several of the jurors.

The justice then stated in his return, that after hearing the proof and allegations of the parties, and taking four d : s to consider, he gave judgment for the plaintiffs, for 21 dollars and 12 cents.

*Per Curiam.*   The judgment must be affirmed.   The proof, as to all the demands of the plaintiffs below, exclu-sive of the note, was clearly such as could not warrant this court in reversing the judgment on that ground ; and the circumstances relative to the note were sufficient to authorize the justice to allow it.   It is unnecessary to say whether the justice was correct or not, in admitting the jurors, on the trial between the defendant and *Ger-man*, as witnesses, to prove what was then done with respect to this note.   This testimony was immaterial, and went to establish nothing more than what the de-fendant himself had proved, by the record of that trial.

This record shows that the plaintiff in error objected against the payment of the note to *German*, on account of some defect in the endorsement, so that the title to the note was not vested in *German*.   This objection prevail-ed, and he avoided a payment to *German*, and he shall not now be allowed, in opposition to his own proof, to say the endorsement to *German* was good.   But admit-ting that he might set this up, there was no evidence of-

NEW-YORK,
October, 1811.

fered, by the defendant below, to show that the note had been endorsed, or that the plaintiffs had ever, in any way, parted with their interest in it; and if not, there could be no objection against their recovering it from the defendant, who, clearly, by his own showing, has never paid it to any person.

Judgment affirmed.