Caruthers, J.,
delivered the opinion of the Court.
. Witcher, as deputy sheriff of Jackson county, collected upon sundry executions in favor of Oldham against various persons, about fifty-two dollars, and failed to pay it over. A motion was made against Apple, the principal sheriff, for this failure, before a magistrate. The motion failed upon the ground of a variance between the notice of the motion and the receipt of the officer for the claims. A second motion was made against the sheriff, judgment recovered, and appeal to the Circuit Court, where ■ the former judgment against the plaintiff was relied upon as a de-fence, and allowed by the Judge to prevail as a bar to the action.
This was certainly erroneous, but submitted to, and no appeal taken. Whereupon, this motion was made against the deputy who collected the money. The defendant rested his defence alone upon the conclusive effect of the last adjudication in favor of his principal. The Circuit Judge *222 considered the present defendant liable, and gave judgment against him for the amount collected.
The only question is, as to the effect of the last adjudication in the case of the sheriff. It is contended that the decision was against the right now set up, and operated in law to destroy it as to all persons who might be liable. This would certainly have been the effect of a judgment upon the merits against the right. But there has been no such adjudication. The merits have never been reached or investigated. The bill of exceptions shows that the first motion failed upon a question of variance, and the second upon the ground that such judgment was a bar to any subsequent suit against the sheriff. So in neither case were the merits inquired into. The last case would have been reversed if an appeal had been prosecuted. But still, the question is, was there an adjudication upon the merits of the case ? if not, neither can operate as a bar to the action. The first was defeated because of a variance, which was in the nature of a nonsuit; and the second upon the ground of the former judgment, and not upon any investigation of the rights of the parties.
The argument that the last judgment acquiesced in is tantamount to a recovery and satisfaction against the sheriff, which would of course discharge the deputy who was in default, cannot be sustained.
A judgment against the plaintiff upon the merits would have this effect, but not so if upon any other ground. 4 Philips on Ev., Cowan & Hill’s Notes, 25, note 18; 2 Yerg., 467; 8 Pick., 113; 8 John., 442.
It is held in 6 Yerg., 505-508, that a judgment, without satisfaction, against a deputy, is no bar to a recovery against the principal sheriff. This is upon the general *223 ground that where several are jointly or jointly and severally liable, a recovery against one does not prevent a suit against the others; and that nothing short of satisfaction will constitute a bar to a subsequent suit against one so jointly liable.
In case of joint liability, either for torts or by contract, there can be but one satisfaction; yet there may be several suits and judgments.
But in the case before us, there has not been even a judgment against the principal sheriff, nor an adjudication in his favor upon the liability.
There is, then, no ground upon which this motion can be successfully resisted, and the judgment is affirmed.