YORK & C. R. CO. (MYERS v.). See Case No. 9,997.

---

## Case No. 18,142.

### YORK BANK v. ASBURY et al.

[1 Biss. 230.][1]

Circuit Court, S. D. Ohio. April Term, 1858.

FORGED INDORSEMENT—SUIT IN NAME OF PAYEE—WHEN JUDGMENT A BAR — CESTUI QUE TRUST BARRED—USURY IN NOTE—EFFECT OF CONTINGENCY.

1. One partner having given the firm note, and forged the name of the payee to procure its discount at bank, no suit can be maintained by the bank under the assignment.

2. The bank may, however, bring an action in the name of the payee for its benefit.

3. A judgment in such action by a court having jurisdiction is a bar to any subsequent suit for the same cause of action; nor will any other than an appellate court inquire into the correctness of the judgment. The partner having authority to draw and negotiate the note, it cannot be said that the forged indorsement affects the rights of his co-partners.

4. The bank having sued in the name of the indorsee for its use, is substantially a party, and is within the rules that the judgment of a court of competent jurisdiction is final between the parties, and a bar to a subsequent suit.

5. The making a note payable at a place in which exchange sells at a premium does not constitute usury; nor does it render the note void in the hands of a bank whose charter prohibits the taking more than a certain rate of interest. An agreement that the difference of exchange should be added to the interest would be a device to cover usury, and render a note usurious; but on a note payable at such a place, without proof that such a note commanded a premium at the place where it was made, the court will not presume usury. The contingency of the rate of exchange at maturity of the note cannot be incorporated with the contract to make it usurious.

6. A contract not usurious at the time it is entered into cannot become so by any future contingency. The corrupt intent must be apparent on the face of the contract, or rather it must contain all the elements to make it usurious.

This action is brought against the defendants Asbury and Pierce, as partners, the latter being a citizen of California (on whom the process was not served), who are charged to be indebted to the plaintiff in the sum of five thousand dollars for money lent, paid, had and received, and due on account stated &c. The defendants pleaded, (1) The general issue of non-assumpsit. (2) That the bank was not a corporation. (3) That Pierce and Asbury were partners, as cattle dealers, Pierce residing in Pennsylvania, and Asbury in Ohio; it being the business of the firm to buy cattle in the Western states and sell them in the East; that Pierce without the knowledge of Asbury made an agreement with the York Bank that it should discount a note for four thousand dollars, executed by Pierce, in the name of himself and Asbury, payable to Cyrus Milner, Jr., & Co., indorsed by the payees, and Samuel Milner and Amos Carter, in sixty days, and that when the note should come to maturity, being payable at the York Bank, another note for the same amount, payable at the Western Bank of Philadelphia, in ninety days, indorsed by the same parties, should be received in payment of it. The first note was discounted, and when it became due the second note was made, without the knowledge of Asbury, signed by Pierce in the name of the firm, payable to Amos Carter, and indorsed by Cyrus Milner, Jr., & Co., and Samuel Milner. Pierce forged the name of Amos Carter, as indorser, and delivered the note to the bank, in payment of the former one. The plea further states, that after the bank had knowledge of the forgery of the name of Carter, it brought a suit, in the name of Carter, for its own use, the payee, in the court of common pleas for Madison county, Ohio, against the defendants Asbury and Pierce, the process not being served on Pierce, to which suit the defendants pleaded non-assumpsit; on which issue the jury found for the defendants, and a final judgment was thereon entered, which remains in full force. The pleadings in the case are set out substantially. To this plea there is a demurrer filed.

Swan & Andrews, for plaintiff.

Mr. Wilcox, for defendants.

McLEAN, Circuit Justice. This demurrer raises the question, whether the above judgment is a bar to the present action. In support of the demurrer it is argued, the note was made by Asbury to Amos Carter, or order, and that the indorsement of Carter was forged, of which Asbury was not privy, and that the court of common pleas held that Carter had neither paid anything for the note, nor indorsed it; that Asbury was not concluded by the felonious act of Pierce; that the bank was without remedy on the note against the firm.

It may be admitted that the bank could not claim under the forged indorsement, nor was the action brought in that form. Carter being the payee of the note, the action was brought in his name, as payee, for the benefit of the bank; and no sufficient reason is perceived why this was not properly done. The bank received this note in payment of the first one discounted, of the same amount, which was a full consideration. The forgery did not affect the drawers on the paper, nor the obligations they assumed. It was treated as a genuine note payable to Carter,

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

for the benefit of the bank. And this was the true character of the note, before the indorsement, under the contract with the bank; and the indorsement being void, after the payment of the money, the bank held the note for its security and benefit. The facts stated in the plea are admitted by the demurrer.

The note was made payable to the order of Amos Carter, and without his indorsement the other indorsers, it is supposed, could not be held responsible; but the drawers of the note, who received the money for their own benefit, could be sued in the name of Carter for the use of the bank. The drawers promised to pay him or order; and it is averred that Carter well knew the suit was prosecuted, but made no objection to it. Under the circumstances, the court would protect the bank in the use of his name, requiring it to indemnify him as to the costs.

If the court of common pleas, of Madison county, erred in their decision, on any point, it was the duty of the bank to remove the case by appeal or writ of error to the supreme court, and have the error corrected. Asbury it is said was not concluded by the felonious act of Pierce. This may be admitted; but as one of the partners, it is not disputed, that he had the right to draw the note and negotiate it; and although he was estopped from denying the indorsement of Carter, such indorsement, could, in no respect, affect the rights of Asbury.

If the maker of a note make it payable to a fictitious person, and put it in circulation with the fictitious name written on it; or if he make it payable to a real person and forge the indorsement, or procure it to be done, and then put it in circulation, he is estopped from saying that it was not genuine. Riley, Law Cas. 248; Meacher v. Fort, 3 Hill (S. C.) 227. In England it has been held that a bill drawn payable to a fictitious payee is payable to bearer, and may be declared on as such in favor of a bona fide holder ignorant of the fact. Chit. Bills (10th Am. Ed.) 157. Whether Carter had paid any thing or not for the bill, was a matter of no importance; as it was made to obtain money from the bank, and the suit was brought for its benefit.

But it is contended that the judgment in the Madison court of common pleas, is no bar to the action of the bank; as to constitute a bar, the former action must not only be for the same cause of action, but between the same parties. And it is insisted the action of Carter was on his title as indorser; the present action being for the money originally advanced by the bank to Pierce and Asbury.

The former action was not brought by Carter as indorser, but by the bank in his name as the payee of the note, for its benefit, the drawers having promised to pay him. Whether the cause of action was the same in the former action as in the present, is

matter of fact and law. The present action is brought on general counts for money, claiming five thousand dollars. The former action was brought on the note for four thousand dollars, signed by Pierce and Asbury. But the special plea in bar, states in detail the former action in the name of Carter, for the use of the bank, to be the same cause of action as the present, and this is admitted by the demurrer. And on this, the issue of law is raised, whether the facts stated in the plea constitute a bar to the present action.

The judgment of a court having jurisdiction of the case before it, is final between the litigant parties. And this is true whether the parties have used the proper vigilance or not to bring the entire equity before the court and jury. No defect of either party in this respect can avail him, under a plea in bar. If it be the same subject matter of controversy, if it was fully brought before the court and jury, or might have been so brought before them, the judgment is final. Negligence or want of knowledge in the management of the case by the counsel or party, will constitute no excuse. If, on such ground a judgment could be regarded as not final, it would destroy its effect and make litigation endless. Where injustice has been done a motion for a new trial, appeal or writ of error, is the only corrective at law. The suit brought by the bank in the name of Carter, for its benefit, as appears from the facts admitted in the special plea, brought into litigation the second note given to the bank by Pierce and Asbury, and which, on proof of the facts, entitled the bank to a recovery; nor can it be doubted that it was the same subject matter involved in the present suit. That such a trial and judgment is final between the parties is clearly shown by the authorities cited in the defendants' brief.[2]

The bank was substantially a party in the first suit. The suit was brought for its benefit and was under its control; and its right so to prosecute the suit would, if objected to, have been protected by the court. The bank was a party within the rule which requires a judgment to be between the same parties, to constitute a bar. 1 Greenl. Ev. 523; Tuttle v. Willson, 10 Ohio, 24. Where a suit is brought for the use of another, a second action cannot be sustained for the same cause.

The case of McDonald v. Rainor, 8 Johns. 442, seems to have no application to the case under consideration. In that case the payee sued the maker of a note who pleaded that the payee had indorsed the note, and the in-

[2] Le Guen v. Gouverneur, 1 Johns. Cas. 436; Baker v. Rand, 13 Barb. 152, 160; Lawrence v. Hunt, 10 Wend. 81; Wood v. Genet, 8 Wend. 10; Ehle v. Bingham, 7 Barb. 494; Dunckle v. Wiles, 6 Barb. 515; Birckhead v. Brown, 5 Sandf. 135; Miller v. Manice, 6 Hill, 114; Rose v. Turnpike Co., 3 Watts, 46; Hughes v. Blake [Case No. 6,845]; Greenl. Ev. §§ 522, 528.

dorsee sued the defendant, who defeated the suit on an objection to the assignment. This was pleaded in bar by the same defendant in a suit by the payee; but it was held, that a defect in the assignment, on which the assignee failed, did not bar the suit by the payee, which did not involve the assignment. For the reasons assigned, the demurrer to this plea must be overruled.

The second special plea is usury. The bank is alleged to be located at the town of York, in York county, Pennsylvania; that by the terms of its charter it is prohibited from taking more than at the rate of one-half of one per centum for thirty days upon a loan. And it is averred that for many years before the time of the loan, the rate of money exchange between the town of York and the city of Philadelphia, was and has been in favor of Philadelphia, and against the town of York, varying in amount from one-quarter of one per centum to one-half of one per centum; all which was known to the York Bank; and that as a scheme and device for the unlawful taking of more than at the rate of one-half of one per centum, for thirty days, it was agreed by the bank to loan Asbury and Pierce, the sum of four thousand dollars; and for the forbearance of the loan, that they should give their note for the above sum, indorsed and payable at the bank in sixty days, reserving forty-two dollars of interest; and when that note matured the said Asbury and Pierce, as had been agreed, paid the bank by way of renewal of the same, the sum of sixty-two dollars in money, and gave another note for the sum of four thousand dollars, payable at the Western Bank of Philadelphia, in ninety days from date, which is the note on which the first suit was brought.

The usury as alleged in the plea, consists in agreeing to make the payment at the Philadelphia Bank, the exchange on which was worth from one-quarter to one-half per centum, at the York Bank. The exchange here spoken of must mean on sight bills, and can have no reference to a bill payable in ninety days. It is not alleged that more than six per cent. was reserved as interest, but this difference of exchange being added to the interest reserved or paid, makes the usury, and was a device adopted for that purpose.

An agreement to pay the first note when due, in a note for the same amount payable at Philadelphia; or on the second discount to pay the note when due at the Philadelphia Bank, does not constitute usury. It is true, the plea alleges a corrupt agreement for the loan, but from the facts stated, there was no such agreement. If the agreement had been, that the difference of exchange proved should be added to the interest, and the payment made at the York Bank, it would have been usurious, and a device to cover the usury. But on a transaction to pay in ninety days the amount at the Philadelphia Bank, without showing that bills on that bank at

ninety days, commanded a premium at York, the court will not presume usury. Such a contingency cannot be incorporated with the contract to pay, so as to make it usurious. To constitute usury there must be a loan of money, and for the forbearance, a corrupt agreement to pay more than the legal rate of interest. In the case under consideration, there was a loan of money, but there was no agreement that more than the legal rate of interest should be paid. The payment was to be made at a bank in Philadelphia, on which at the York Bank, sight bills generally sold at from one-quarter to one-half per centum advance; but whether a bill would sell, at an advance payable in ninety days is not shown. A contract must be usurious at the time it is entered into, or it cannot become so, by any future contingency. The corrupt intent must be apparent on the face of the contract; or at least it must contain all the elements to make it usurious. It is believed that the books furnish no instance of a contract which might or might not become usurious, according to circumstances, at the time of payment.

The plea not only sets up the usury on the ground stated, but it alleges that the charter prohibits the bank from receiving more than at the rate of six per centum, and that on this ground the contract is void. These two defenses united in the same plea make it double, and consequently bad on special demurrer. A general demurrer only has been filed, on which no advantage can be taken of this defect in the plea. But, aside from this consideration, the want of sufficient averments to show the usury is fatal. It must appear that more than at the rate of six per cent. was charged in violation of the charter. It may be a convenience to the debtor to pay the amount in Philadelphia, rather than at the York Bank. And a fair presumption arises that this would be the case with cattle dealers, who generally sell at the large cities.

The demurrer is sustained to the second special plea.