C. L. SHEPPARD *vs.* WILLIAM HAMILTON.

Where a promissory note is given up by the holder and destroyed, and a new note, valid and capable of being enforced, is accepted in the place of it, the obligations of the parties upon the former note are satisfied and discharged by the new security.

But if, for any reason, the new security is void and cannot be legally enforced, the party holding it is remitted back to his original rights, as they existed at the time the new security was taken; for the reason that the new security being abortive, the consideration of the cancellation or satisfaction of the original security or indebtedness fails, and the indebtedness remains unaffected.

Accordingly, where the holder of a new security, which had been substituted in the place of a former one, brought his action upon it, and one of the makers put in a sworn answer, in which he alleged that the new security was void for usury; *held* that in a subsequent suit brought against him, to enforce his liability upon the original security, he should not be permitted to deny that what he then alleged, on oath, was true; and that if it was true, there was no valid satisfaction of the debt.

MOTION by the plaintiff for judgment on a verdict taken subject to the opinion of the supreme court. The case was this: In August, 1855, William Whittlesey held a note for $1000, made by Emery and Peter Thayer, payable on the 1st of November following, *without interest.* On the 29th day of August, 1855, the defendant, Hamilton, became legally bound to Emery Thayer to pay Whittlesey the $1000 note given by the Thayers. On the 1st of October, 1855, this defendant, Hamilton, negotiated with Whittlesey an extension of time for the payment of the $1000 which he had undertaken to pay for the Thayers, and consummated the same by delivering to him, Whittlesey, a note made by himself and J. A. Hamilton to the order of Henry Decker, and indorsed by Decker, dated October 1st, 1855, for $1000, payable in one year, *with interest;* and Whittlesey thereupon gave up the Thayer note to the defendant, who delivered it to Emery Thayer, by whom it was destroyed.

The second, or substituted note, not being paid when due, the present plaintiff, having become possessed by assignment of all the interest of Whittlesey in both notes and the consid-

eration of the same, commenced an action on the last one, against the makers and indorser, to recover the amount due thereon. The defendants, in that action, put in an answer to the complaint, signed and sworn to by the defendant in this action, alleging a usurious agreement between Whittlesey and this defendant, by which Whittlesey demanded and consented to receive, and the defendant agreed to pay, a certain sum of money beyond the legal rate of interest, for the forbearance of the sum mentioned in the note then in suit; and that said note was executed in pursuance of such usurious agreement. The plaintiff, on the coming in of said answer, discontinued that action and paid the defendants their costs and disbursements. Afterwards, and on the 2d of March, 1857, Emery Thayer executed to the present plaintiff all his right and interest in the obligation of the present defendant to pay the first mentioned $1000 note.

This action was thereupon, on the 12th of March, 1857, commenced. The complaint in this action set forth substantially the foregoing facts.

The cause was tried before Mr. Justice Johnson, at the Livingston circuit, held in April, 1858. The foregoing facts having been proved, and the plaintiff producing in court the last note, and offering to deliver up the same to the defendant to be canceled, the court directed a verdict for the plaintiff for $1174.61, being the amount of the first mentioned note with interest, subject to the opinion of this court at general term.

*O. Hastings,* for the plaintiff.

*T. Hastings,* for the defendant.

*By the Court,* Welles, J. It is not, and cannot be, denied that except for the alleged cancellation of the first note by means of the giving up of the second one, the plaintiff would be entitled to recover of the defendant the amount due upon

the former.   The defendant was legally bound to pay it to Whittlesey, and the plaintiff has acquired by assignment all the rights of Whittlesey and Emery Thayer, with the latter of whom the defendant had contracted to pay it.   I think Whittlesey, if he had not assigned to the plaintiff, could have maintained an action against the defendant upon his promise to Thayer.   That promise was to pay to Whittlesey.   But whatever interest Thayer had in the defendant's obligation to pay the note to Whittlesey is also assigned to the plaintiff, who stands in the place of Whittlesey, clothed with all his rights, with the addition of the rights of Thayer, and subject to all the objections which might be taken to his right to recover if he had brought the action after the discontinuance of the first action, and before he assigned to the plaintiff, except such as might have been made for want of the assignment of Thayer's interest.   If the arrangement of October 1st, 1855, between the defendant and Whittlesey, by which the Thayer note was given up to the defendant, and the note of the defendant and J. A. Hamilton delivered to Whittlesey, was valid, so as to be legally enforced, the obligation of the defendant upon which this action rests was satisfied and discharged by the new security taken for it by Whittlesey, and no action can now be maintained upon it.   But if, for any reason, such new security is void, and cannot be legally enforced, the party holding it is remitted back to his original rights, as they existed at the time the new security was taken ; for the reason that the new security being abortive the consideration of the cancellation or satisfaction of the original security or indebtedness fails, and the indebtedness remains unaffected.

In this case the ground upon which the plaintiff seeks to avoid the effect of the new security is, that it is inoperative and void for usury.   The defendant insists that the plaintiff is not at liberty to allege the unlawfulness of the new security, as he would thereby be asserting his own corrupt and unlawful conduct in exacting the usury.   The plaintiff insists, in reply, that he has not set up the usury, but was content with the

Sheppard *v.* Hamilton.

new security, and that when he attempted to enforce it by action he was met by the defendant's allegation of the usury. This, I think, is a sufficient reply to the defendant's position. When the plaintiff brought his action upon the last note, the defendant interposed his sworn answer, alleging that the note was usurious and void, and he should not now be permitted to deny that what he then alleged under his oath was true; and if it was true, then there was no valid satisfaction of the debt. In this I think I am sustained by authority. (*La Farge v. Herter,* 11 *Barb.* 159; *S. C. on appeal,* 5 *Seld.* 241.) Judge Ruggles remarks, in his opinion in the court of appeals, in the case referred to, that "a party to an illegal transaction is not allowed, by an allegation of his own turpitude, to recover back what in a forbidden bargain he has delivered to the other party, or to avoid the bargain when once executed." And in another place in the same opinion the learned judge says, "A party to a fraud is estopped from setting it up for his own advantage; but if his opponent alleges and proves it as a part of his own case, the guilty party will then be entitled to the benefit, while he incurs the disadvantage resulting from such a state of things." And to the same effect is the reasoning of Judge Allen in the same case, as reported in 11 *Barb.* See also *Vilas* v. *Jones,* (1 *Comst.* 274.)

The plaintiff is therefore entitled to judgment on the verdict.

Ordered accordingly.

[MONROE GENERAL TERM, March 7, 1859. *Welles, Smith* and *Johnson,* Justices.]