## The Central City Bank *vs.* Dana and Sims.

The giving of a promissory note, by a debtor, without any additional security, does not pay or satisfy the original debt. Although it is a payment *sub modo*, yet the creditor may always sue and recover upon the original consideration, on producing and cancelling the note at the trial.

H. & H. borrowed of the plaintiffs two sums of $1000 and $1750 and gave their joint notes, indorsed by the defendants, to secure the payment of the amount. These notes being unpaid at maturity, and protested for non-payment, the plaintiff, at the request of the defendants, discounted the note of the latter for $2750, and the proceeds were used in taking up the previous notes for $1000 and $1750, which latter notes were then surrendered to the defendants and canceled, and the names of the makers and indorsers erased. The $2750 note being protested for non-payment, at maturity, was sued upon by the plaintiff, and the action being defended by the indorsers, on the ground of usury, judgment was given for the defendants. The plaintiff then brought this action, upon the $1000 and $1750 notes.

*Held,* that the defendants, having by their defense in the former suit, asserted and declared the $2750 note to be void for usury, and having elected to annul and disaffirm it, for that reason, it ceased thereafter to be available to them for any purpose ; and that they were estopped from setting up that note as a valid payment of the $1000 and $1750 notes, in this action.

*Held also,* that the record and proceedings in the former suit were properly admitted, to show that the defendants had disaffirmed the $2750 note and had insisted on its invalidity.

APPEAL from a judgment entered upon the report of a referee. The firm of J. F. & C. Hicks, on the 11th day of July, 1857, borrowed of the plaintiff $1000, and gave their joint note with the defendants as *accommodation* indorsers, to the plaintiff, to secure the payment of the loan in thirty days. Also, on August 11th, 1857, said firm made another loan of the plaintiff of $1750, on like security, payable in two months. The money was received from the plaintiff by J. F. & C. S. Hicks, or one of them. Both these notes were protested at maturity, and remained unpaid until November 2d, 1857. Previous to this date, J. F. & C. S. Hicks had failed in business and were then insolvent. The payment of the notes therefore fell upon the indorsers, one of whom (Dana) applied to the plaintiff to discount their note to raise money to pay said two notes with. Charles S. Hicks,

Central City Bank *v.* Dana.

one of the firm of J. F. & C. S. Hicks, was at that time indebted to the plaintiff, upon an overdraft, in the sum of $201.10. The plaintiff imposed as a condition of the discount for the defendants, the payment of the overdraft, which was finally assented to by Dana. The note of Sims, indorsed by Dana, for $2750, dated November 2d, 1857, was accordingly discounted by the plaintiff, and the proceeds used by the defendants toward paying the two notes above mentioned of $1000 and $1750, Dana paying the overdraft. The two notes were thereupon surrendered to Dana and canceled, and the names of makers and indorsers erased. The $2750 note was protested for non-payment at maturity, and was sued by the plaintiff. The action was defended by the present defendants, on the ground that the same was usurious, and the issue was tried before a jury, June 26, 1858, and a verdict rendered for the defendants. The judgment rendered thereon was appealed from by the plaintiff, and duly affirmed on appeal to the general term, April 23, 1859. The plaintiff thereupon brought the present action upon the $2750 note, dated November 2, 1857. The 2d and 3d counts were upon the $1000 and $1750 notes. The answer of the defendant alleged, 1st. A former verdict on the merits on the $2750 note. 2d. A former judgment on a verdict upon the same note. 3d. A denial of the existence of the two notes of $1000 and $1750, or that plaintiff has or holds any such notes. 4th. Payment of said last mentioned notes. 5th. Payment, surrender and release of said notes. 6th. Accord and satisfaction of said notes. 7th. Setting up the former action as a bar to this action entirely; alleging both to be for the same identical cause of action. This issue was referred to the Hon. Joseph Mullin, referee, before whom it was tried, on the 29th day of December, 1859. The referee nonsuited the plaintiff and dismissed the complaint as to the note of $2750, but reported in favor of the plaintiff on the two notes of $1000 and $1750 which had been canceled and surrendered. This appeal was brought from the judgment rendered on such report.

*Sheldon & Brown,* for the appellants.

*G. H. Middleton,* for the plaintiff.

*By the Court,* E. DARWIN SMITH, J.   The referee, I think, disposed of this case correctly. The giving of the $2750 note did not discharge absolutely, or satisfy, the two notes of $1000 and $1750.  It was a mere renewal of those notes ; the making simply of a new promise to pay the defendants' own debt.  The giving of a promissory note of a debtor, without any additional security, has never been held to pay or satisfy the original debt.  It is a payment, it is true, *sub modo,* but the creditor may always sue and recover upon the original consideration by producing and cancelling the note at the trial.  The effect of taking the new note was nothing more, upon the actual rights of the parties, than an extension of the time of payment of the debt ; and this extension, not affecting the rights of sureties, is of no consequence. The plaintiff was entitled to count upon the original notes of $1000 and $1750, as he did, as valid notes, and make such proof on the trial as should be necessary to avoid any defense that might be interposed.   On its appearing on the trial that these notes were canceled and in the hands of the defendants, the presumption of payment arising from these facts, the plaintiff was necessarily called upon to repel.   The notes themselves, in the hands of the defendants and canceled, established prima facie payment, as alleged in the defendants' fourth and fifth answers.   But as no reply was allowable to those answers, the plaintiff was at liberty, under section 168 of the code, to give any proof in avoidance thereof, which would have been a good legal reply thereto.   The proof given consisted in showing how those notes came to be canceled and surrendered, and showed that they were not in fact ever paid but simply given up for a new note of the defendants for $2750, and that this new note was not paid.   On this proof and on the production and surrender of the $2750 note,

Central City Bank *v.* Dana.

I do not see why the plaintiff was not entitled to recover, independently of the questions relating to the validity of this note. It was a protested note, not paid, in the hands of the creditors, given confessedly in renewal of the previous notes of $1000 and $1750 on which the defendants were indorsers, duly fixed. But if this were not so, and the plaintiffs were bound primarily to resort to their remedy upon the $2750 note, the election of the defendants to disaffirm the contract contained in and made by this new note, for usury, remitted the plaintiffs to their original rights. (*Shepherd* v. *Hamilton*, 29 *Barb.* 156. *Le Farge* v. *Herter*, 5 *Seld.* 241.) The record and proceedings in the suit upon this $2750 note were properly admitted to show such election on the part of the defendants. They were not received to establish that such note was in fact usurious, as a basis of an affirmative claim on the part of the plaintiff, but simply as evidence that the defendants had disaffirmed such note and had insisted on its invalidity. It is true they had gone to trial and established the usury. That was superfluous. In the case of *Le Farge* v. *Herter*, the defense of usury was about to be interposed, and in the case of *Shepherd* v. *Hamilton* it was set up in a sworn answer. All that was necessary on the part of the plaintiff was to show that the note which the defendant in this suit set up as a payment of the previous notes they had previously, by some distinct act, asserted and declared to be void for usury, and had definitively elected to annul and disaffirm for that reason. It ceased, thereafter, to be available to the defendants for any purpose, and they were estopped from setting it up as a valid payment of the $1000 and $1700 notes, in this action. These notes were given for a valid debt, and cannot be discharged short of actual payment; and the law is not yet subject to the reproach that a just debt can be paid and satisfied by a new promise of the debtor, unfulfilled, and which he can avoid at his pleasure. It is a mistake to claim that the plaintiff was allowed in making this proof to give evidence of the commission of a

criminal offense, for the purpose of enabling them to recover. The plaintiff's right of action was not based upon the usury which infected the $2750 note, but upon their original debt, and the proof given of the recovery of judgment merely disproved the pretense of payment by such note, and showed that such new note was invalidated and adjudged void at the special instance and distinct election of the defendants. Hence it could not operate as payment of the two notes for which it was given, but instead of discharging them they became, as the learned referee held, by force of such adjudication, valid and operative instruments, and the plaintiff was entitled to recover thereon. As we are satisfied that the case was rightly decided by the referee, I think we may affirm the judgment; but if we had come to an opposite conclusion, I should have had some hesitation about reversing it, for the reason that the reference, being to one of the justices of this court, I am inclined to think it was a mere arbitration.

Judgment affirmed.

[Monroe General Term, September 3, 1860. *Smith, Johnson* and *Knox,* Justices.]