## PECKER & AL. *v.* KENNISON.

Where the plaintiffs sell the defendant intoxicating liquors in violation of law, and also other goods by a separate sale, and afterwards take the defendant's note in payment for all the goods, the plaintiffs, by taking the note, are not precluded from recovering the price of the articles legally sold, in an action for goods sold and delivered.

ASSUMPSIT for goods sold and delivered, $400.00; for money had and received, $100.00.

Plaintiffs' specification was for two 3-4 pipes Holland Gin, one cask London Porter, one cask Scotch Ale, and 1000 Cigars, under an account annexed. Under the money count, they specified a note dated February 2, 1863, for $509.75, dated and made payable in Boston, signed by defendant, payable to his own order on six months, and by him indorsed. On the back of said note were the following indorsements: "May 15, 1863, $50, pay July 7, 1863, $50." Defendant was defaulted. Wm. B. Smith, a subsequent attaching creditor, appeared and pleaded the general issue. Plaintiffs' note above described being offered in evidence was objected to and withdrawn by plaintiffs.

It appeared in evidence that all the articles alleged in the aforesaid account were delivered by plaintiffs to defendant before the date of said note, and that they were all settled for at the date of said note, which was given on settlement and in payment for these articles and some domestic liquors. Plaintiffs had no license or appointment to sell liquors in Massachusetts.

Defendant moved for a nonsuit, which was denied by the court, and defendant excepted.

The court instructed the jury, that, although by the laws of Massachusetts, the note is held ordinarily in the absence of any agreement to the contrary, to be a payment and satisfaction of the pre-existing account for which it was given, yet, that if they should find that the note in this case was void in consequence of being given in part for domestic liquors sold contrary to law, it would not operate as a payment and satisfaction of such parts of the account as were legal sales, and that in such case they might find for the plaintiff the value of such items in the plaintiffs' account claimed as were sold in accordance with the provisions of law; to which instructions defendant excepted.

The jury returned a verdict for plaintiffs for the balance of the cigars only, which defendant moves to set aside.

*Batchelder*, for the plaintiff.

*Wheeler & Hall*, for the defendant.

PERLEY, C. J.   The contract by the note being entire, and in part for an illegal consideration, was invalid.   When the note was withdrawn by the plaintiffs there was no evidence of any payment towards any part of the consideration of the note, and no question arises as to the application of money paid generally towards the plaintiffs' demand.

The case finds that the articles specified were delivered before the note was given; and the cigars, being charged at a separate price, and in an item by themselves, are to be regarded as a separate sale, and the claim for them is not involved in the illegality of the other sale.   The plaintiffs, then, had a good cause of action for the value of the cigars when they took the note; they cannot recover on the note, and they may recover for the cigars in this suit for goods sold, unless they have forfeited the right by taking the note.   *Carleton* v. *Woods*, 28 N. H. 290.

By the law of Massachusetts, it would seem, a promissory note given for an existing debt by simple contract, is *prima facie* payment, and the remedy in that State is on the note alone; and this note having been given there, for goods sold there, must be governed by the law of that jurisdiction.   *Ward* v. *Howe*, 38 N. H. 35.

This presumption of payment by the note is only *prima facie*, and may be controlled, even when the note is valid, by showing that the real intention was otherwise; and it would hardly be contended that the intention was, by taking a void security, to discharge the debt.   The ground of the rule, I suppose, must be that one valid contract is merged in another valid contract, which the law in that State regards as of a higher nature; and if the new contract attempted to be made is not valid, it is absurd to say that the original contract is merged in one that cannot be enforced.   In *Melledge* v. *The Boston Iron Co.*, 5 Cush. 169, *Shaw, C. J.*, states the reason of the Massachusetts rule to be, "because the party receiving the note relinquishes no security, but has the same responsibility for payment, which he had before, with more direct and unequivocal evidence of the debt and a more simple remedy for recovering it, with the power also by endorsement to transfer the whole interest in it to another.   There seems, therefore, to be no motive for retaining and keeping alive the original debt."   It is, then, because the plaintiff has an adequate and better remedy on the new security than for the original debt, that the law of Massachusetts confines him to the new remedy; and the reason of the rule fails where the note is invalid, as in the present case.

The illegality in this case was not in taking the note, but in the previous sale of the liquors, and by taking the note, which was no offense, the existing valid demand could not be forfeited; and even if the note had been taken in violation of law, it would seem that it could not have

prevented a recovery for the original debt; for it was held in *Bank* v. *Dana*, 32 Barb. 296, that if notes given on a renewal of former notes are voidable for usury, though intended as payment, they will not operate as payment; and in that case the general doctrine is laid down that a debt cannot be satisfied by a new promise of the debtor which is voidable, and which he has avoided and distinctly refused to fulfill.

In analogous cases it has been held that a recovery may be had for a demand originally valid, though an illegal and invalid note has been taken for it; as where the 'note wanted the stamp required by law. *Farr* v. *Price*, 1 East 57; *Tyte* v. *Jones*, 1 East 58, (note;) *Alves* v. *Hodgson*, 7 T. R. 245; *Brown* v. *Watts*, 1 Taunt. 353.

*Judgment on the verdict.*