## Case No. 9,528.

MICHIGAN INS. BANK v. ELDRED.

[6 Biss. 370;[1] 7 Chi. Leg. News, 411; 21 Int. Rev. Rec. 315.]

Circuit Court, E. D. Wisconsin. July, 1875.

ESTOPPEL—PLEA IN BAR—RECORD OF ANOTHER ACTION.

1. In assumpsit upon a promissory note, the bar of a judgment in another state upon the same note is not avoided by the record of an action upon that judgment to which the defendant pleaded nul tiel record, and in which action plaintiff took a nonsuit. The plea of the judgment is good, there is no estoppel, and the second record is not admissible in evidence.

2. Doctrine of estoppels considered.

This was an action upon a promissory note for $4,000, dated June 12, 1861, made by F. E. Eldred, payable in sixty days, to order of and indorsed by Eldred & Balcom. At the trial, the plaintiff introduced in evidence the note sued on, and after presenting some other testimony not necessary to mention, rested. To bar a recovery, the defendant, Anson Eldred, introduced in evidence the record of a judg-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

ment recovered May 13, 1862, upon this note by the above-named plaintiff against the defendant, in the circuit court of Wayne county, in the state of Michigan. Other testimony not important to notice was then introduced and the defendant rested. To avoid the effect of the Michigan judgment, the plaintiff offered in evidence the record of an action commenced March 2, 1863, upon that judgment by this plaintiff, against these defendants, in the circuit court of the United States for the district of Wisconsin, the record of which action showed that the defendant, Anson Eldred, interposed as a defense therein the plea of nul tiel record, to which there was a replication. It appeared also by that record, that on the 18th of April, 1864, a judgment of non-suit was entered in that action. This record, or, to speak more accurately, the defendant's plea of nul tiel record, it was claimed by counsel for plaintiff, must operate to estop the defendant from now pleading in the present cause the Michigan judgment as a bar to a recovery. The defendant objected to the introduction in evidence of the record thus offered, insisting that it was immaterial and created no estoppel. The court sustained the objection, excluded the record, held the Michigan judgment a bar to a recovery on the note, and directed a verdict for defendant; which ruling, was claimed on this motion for a new trial, to be erroneous.

Finches, Lynde & Miller, for plaintiff.
Cottrill & Cary, for defendant.

DYER, District Judge. I have re-examined the question involved in this cause and the authorities cited by counsel. Upon the single issue presented by the note and the Michigan judgment, the defendant would of necessity be entitled to a verdict, as that judgment would bar a recovery on the note. Eldred v. Michigan Ins. Bank, 17 Wall. [84 U. S.] 545. Could the plea of nul tiel record interposed by the defendant, Anson Eldred, in the suit brought in Wisconsin upon the Michigan judgment, operate as an estoppel so as to preclude him from setting up that judgment in the present action as a bar to the plaintiff's recovery upon the note? An estoppel has been well defined as "an obstruction or bar to one's alleging or denying a fact contrary to his own previous action, allegation or denial, upon the faith of which another has acted."

To give to a judgment the effect of an estoppel, it must appear that the matter in question was or might have been directly involved in the former action as a necessary issue, and was passed upon by the court or jury at the former trial. Kerr v. Hays, 35 N. Y. 331. The point or question in controversy must have been determined and adjudicated to make the record of the former proceedings conclusive. Where an action has been dismissed or a judgment given for

the defendant upon a preliminary point before reaching the merits, it is no bar to another action. New England Bank v. Lewis, 8 Pick. 113; Hughes v. Blake [Case No. 6,845]; McDonald v. Rainor, 8 Johns. 442. "It is the judgment upon the findings that makes the estoppel. If the judgment be one of non-suit or in the nature of non-suit, and the action be dismissed, nothing whatever is adjudged in respect to a subsequent suit. It is no bar to anything." Sheldon v. Edwards, 35 N. Y. 279. "The rule that estoppels must be certain to every intent, is peculiarly applicable to estoppels by record and judicial proceedings, and for this reason the record of a judgment must show with some degree of certainty the precise points determined, and not from inference or argument; and where it gives no indications at all of what particular matters were adjudicated, it leaves the question unsettled and is not available either as an estoppel or anything else, but merely evidence of its own existence. * * * When the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive per se, it must appear by the record of the prior suit, that the particular controversy sought to be concluded was necessarily tried and determined." Herm. Estop. § 86. A party cannot plead a former judgment as an estoppel to a present action unless the same point is put in issue on the record and directly found by the court or jury. Eastman v. Cooper, 15 Pick. 276; Gilbert v. Thompson, 9 Cush. 348. "The effect of what occurs in one judicial proceeding upon another, is sometimes due to the principles of estoppel in pais, rather than by record. A man who obtains or defeats a judgment by pleading or representing an act of adjudication in one aspect, is estopped from giving it a different and inconsistent character in another suit founded upon the same subject-matter." Herm. Estop. § 100. But it must appear that the judgment was obtained or defeated because of the pleading interposed or representation made.

An estoppel in pais happens when a party makes a statement or admission, either expressly or by implication, with the intention of influencing the conduct of another, and that other acts upon the faith of such statement or admission, and will suffer injury if such party is permitted to deny it. Norton v. Kearney, 10 Wis. 443; Brown v. Bowen, 30 N. Y. 519. "The doctrine of equitable estoppel is founded upon the principle that a party has by his own voluntary act, placed himself in such a situation in regard to some fact, that he is precluded from denying it." Herm. Estop. § 328. And it must appear that the declarations or acts claimed to create the estoppel were relied and acted upon by the person in whose favor the estoppel is invoked.

Applying these principles, what is the state of case here presented? Clearly, not an es-

toppel by judgment, because it does not appear that the judgment of the circuit court in Wisconsin was upon the plea of nul tiel record, or resulted from that plea. The form of that judgment is as follows: "This day this cause was called for trial, and came the parties by their counsel, when the plaintiff by its counsel took a non-suit." Then follows a judgment for costs. Nothing was found or determined by the court, as far as the record shows, upon the plea. It was merely a judgment of voluntary non-suit. It is true that the plea of nul tiel record was the only plea that could have been interposed in that action, except the plea of payment, or satisfaction, or the like. But it does not appear from the record that the act or pleading of the defendant produced the action of the plaintiff in taking a non-suit. It does not appear that the judgment of non-suit was necessitated, or that a judgment for the plaintiff was defeated by the plea of nul tiel record. There may have been numerous reasons why the non-suit was taken other than the interposition of this plea. The case of Washington, A. & G. Steam Packet Co. v. Sickles, 24 How. [65 U. S.] 333, is here in point. It was there held that the record of a former suit between the parties, in which the declaration consisted of a special count, and the common money counts, and where there was a general verdict on the entire declaration, cannot be given in evidence as an estoppel in a second suit founded on the special count; for the verdict may have been rendered on the common counts. Since it does not appear that the plaintiff relied and acted upon the plea which the defendant interposed, I think the case is not within the principles of an estoppel in pais. Moreover, whether or not there was a valid record and judgment, must have been as well known to the plaintiff in the suit on the Michigan judgment in the circuit court in Wisconsin, as to the defendant in that action.

In the cases cited by the learned counsel for plaintiff, I think it clearly appears that the action of the courts and of the parties was based upon the pleading, which was held to operate as an estoppel. Kelly v. Eichman, 3 Whart. 419; Campbell v. Stephens, 66 Pa. St. 314; Presbyterian Congregation v. Williams, 9 Wend. 148. Especially is this true of Philadelphia, W. & B. R. Co. v. Howard, 13 How. [54 U. S.] 308, where the plaintiff brought an action of assumpsit upon an instrument which the defendant insisted was a sealed instrument; and upon this plea the defendant obtained a judgment, to the effect that the action of assumpsit would not lie. The plaintiff bringing a second action of covenant, it was held that the defendant was estopped to deny in that action that the instrument was a sealed instrument, because, in the first action, the claim of the defendant not only induced the plaintiff to bring the second action, but defeated the first, by asserting and maintaining the paper in controversy to be the deed of the company. This was clearly a case of estoppel in pais.

The case of Sheppard v. Hamilton, 29 Barb. 156, was strongly urged by plaintiff's counsel at the trial, and again in argument of this motion. The facts were these: Whittlesey held a note of $1,000, made by Emery and Peter Thayer. The defendant, Hamilton, became legally bound to Emery Thayer to pay this note. Subsequently, Hamilton negotiated with Whittlesey an extension of time for the payment of the $1,000, and consummated the same by delivery to Whittlesey of a note for $1,000, made by himself and J. A. Hamilton, to the order of Henry Decker, and indorsed by Decker; and Whittlesey thereupon gave up the Thayer note to the defendant, who delivered it to Thayer. The substituted note not being paid when due, the plaintiff, having become possessed by assignment of all the interest of Whittlesey in both notes, commenced an action on the last note against the makers and indorser. The defendants put in a verified answer, alleging a usurious agreement between Whittlesey and the defendant, Hamilton. The plaintiff, on the coming in of this answer, discontinued his action and began another action on the first note. Held, that in the action on the first note, the defendant should not be permitted to deny that what he alleged under his oath in the previous action was true. Here it seems apparent that, relying upon the allegation of usury made by the defendants in the first action, the plaintiff acted upon it, discontinued and abandoned his action, and brought a new action on the original note to avoid the alleged usury, and solely because of the plea of usury. Here was a clear ground for application of the principle of equitable estoppel. Moreover, in that case, the plaintiff was the transferee of Whittlesey. He was not a party to the alleged usurious agreement. The usury sprang from the contract between Whittlesey and Hamilton, and the plaintiff was a stranger to it, and when the defendants plead it, the plaintiff could rightfully rely upon the plea as cause for withdrawal of his suit. But in the case at bar, the plaintiff and defendant were the identical parties to the record of the Michigan judgment, and the plaintiff must be presumed to have had equal knowledge with the defendant of the validity of that record and judgment. If it appeared here that the plea of nul tiel record occasioned and was the cause of the non-suit taken by the plaintiff in the action on the Michigan judgment, if the record showed that the plaintiff relied and acted upon that plea, the principle would be applicable that "when the ground taken by either party to a suit is prejudicial to the other by cutting him off from a good defense, or precluding a recovery on a valid cause of action, it will bind the party who adopts it by an equitable estoppel."

In any view I can take of this question, I am unable to reach a different conclusion

from that arrived at on the trial. Motion for new trial denied.

[See Michigan Ins. Bank v. Eldred (decided in 1870) 9 Wall. (76 U. S.) 544; Eldred v. Michigan Ins. Bank (decided in 1873) 17 Wall (84 U. S.) 545; Michigan Ins. Bank v. Eldred (decided in 1889) 130 U. S. 693, 9 Sup. Ct. 690; and Michigan Ins. Bank v. Eldred (decided in 1892) 143 U. S. 293, 12 Sup. Ct. 450.]