[PHILADELPHIA, MARCH 30TH, 1839.]

| GRENELL and Another *against* SHARP.

### IN ERROR.

1. A *scire facias* on a judgment against two or more, must issue against all the defendants. The plaintiff cannot drop one and go against the others.

2. Thus where a judgment was obtained against A. B. & C., and B. (who was in fact surety for A.,) paid the amount of the judgment to the plaintiff, and issued a *scire facias* in the plaintiff's name, to his use, against A. & C., it was *held* that the proceeding was erroneous, and that on such *scire facias*, the record of the judgment against A. B. & C. could not be given in evidence.

3. A judgment was obtained before a justice of the peace, against A. B. & C. Afterwards B. paid the amount of the judgment and issued a *scire facias* in the name of the plaintiff, for his use, against A. & C. At the hearing before the justice, he entered a *nolle prosequi* against C., and the justice gave judgment against A. alone. On the trial of an appeal in the Common Pleas, it was held that the *scire facias*, could not be amended by adding the names of B. & C.

ERROR to the Court of Common Pleas of Wayne County.

It appeared on the return of the record, that Miron Gaylord brought an action before a justice of the peace, on the 25th of July, 1827, against John Sharp, Wareham Day and Charles Stanton, on a promissory note drawn by the defendants. Judgment was given by the magistrate in favour of the plaintiff, on the 31st of July, 1827, for sixty-four dollars and eighty-nine cents, with costs. Several executions were issued in this judgment; and on the 20th of February, 1830, the judgment was assigned to Wareham Day. A *scire facias* issued on the 5th of September, 1835, in the name of Virgil Grenell and Susan Gaylord, administrators, &c. of Miron Gaylord, deceased, for the use of Wareham Day, against John Sharp and Charles Stanton. The plaintiff afterwards entered a *nolle prosequi* against Stanton, and the magistrate gave judgment against Sharp alone. An appeal was taken by Sharp to the Common Pleas. The cause came on for trial before SCOTT, President, on the 18th of January, 1838. The plaintiff offered in evidence the docket of the justice, containing the record of the suit, *Gaylord* v. *Sharp, Day and Stanton*, which was objected to on the part of the defendant, and rejected by the Court. The defendant's counsel then, by leave of

(Grenell *v.* Sharp.)

the Court, added the plea of *nul tiel* record. The plaintiff's counsel then again offered in evidence the docket entries of the justice, accompanied with proof that Day was surety for Sharp in the note, upon which judgment was given, and had paid the amount before issuing the *scire facias,* and that Stanton was also a surety for Sharp ; but the Court again refused to permit the said docket entries to be read. The plaintiff's counsel then asked leave to amend the *scire facias,* so as to make it conformable to the original judgment.

The Court, however, refused to permit this amendment, and a verdict was rendered for the defendant.

The plaintiff brought a writ of error, and assigned various errors in the proceedings ; the material of which were the refusal to allow the judgment of the justice to be given in evidence, and the refusal to allow the proposed amendment.

Mr. *E. Wheeler* for the plaintiff in error, cited *Burrows* v. *Heysham,* (1 *Dall.* 133.) *Maus* v. *Maus,* (5 *Watts,* 315.)

Mr. *Mallery,* contra, was stopped.

The opinion of the Court was delivered by.

SERGEANT, J.—In this case the *scire facias* recited the judgment correctly, as having been rendered against Sharp, Day and Stanton, but it called on two of the defendants to answer, and to show cause why execution should not be had against Sharp alone. The *scire facias* and proceeding thereon, were erroneous; for an execution must always pursue the judgment, and if the judgment be against three jointly, the execution must be also against them jointly. *Penoyer* v. *Bruce,* (1 *Lord Ray.* 244.) *Salk.* 319, S. C. 2 *Barnes,* 172, 210. 3 *Keb.* 298. 2 *Bac. Ab.* 725. In the same manner, a *scire facias* is a judicial writ, and must pursue the nature of the judgment ; therefore if the judgment is joint, so ought the *scire facias* to be. *Panton* v. *Hall,* (2 *Salk.* 598.) After issuing the *scire facias* properly, and obtaining a joint execution, the right of the defendant to use that execution, to enforce his equity as surety, by levying on the property or person of another of the defendants in the execution, is a different question; but certainly he cannot proceed by a *scire facias* against two out of the three joint defendants, and obtain an award of execution against one of them.

As to amending the *scire facias,* that, it appears to us, could not be done. The act of 1806 does not authorise the introduction of new parties to a suit, either plaintiffs or defendants; *Wilson* v. *Wallace,* (8 *Serg. & Rawle,* 53 ;) and here it would in effect permit the plaintiff to add a new party to the *scire facias,* and one not directed to be served, nor actually served with process. In the same case it was held, that the provision in the seventh section of the act of 24th March, 1818, that no suit shall abate, &c., by the omission

(Grenell *v.* Sharp.)

to name one of the parties, but in such case the names of the persons so omitted may, on application to the court, be added to the record, &c., does not extend to suits of all descriptions, but was intended to provide merely for the omission of the names of persons suing in a representative character, as executors, assignees, trustees, &c.; and therefore the Supreme Court refused to allow an amendment in an action by one of several partners, by adding the names of the other partners. In an appeal from a justice, the Court went so far in the case of *Johnston & Lyon* v. *Fessler*, (7 *Watts*, 48,) where the suit was brought against John Johnston & Co., to allow the name of Jacob B. Lyons to be substituted for the Co., on the ground that it was so understood by all parties, both these members of the firm having had notice of the suit, and the appeal being entered by their common agent and manager; but they held the rule to be, that the cause of action, and the parties must substantially be the same as before the justice; and accordingly in *Kelly* v. *Eichman*, (3 *Whart.* 419,) the amendment was refused on the ground, that a new party, and a new cause of action, could not be introduced under the name of an amendment. Here the plaintiff had entered a *nolle prosequi,* as to one of the defendants, Stanton, before the justice, and thereby severed him from the suit altogether. He could not be restored in the Common Pleas, by an amendment made by order of the Court, on the request of the plaintiff, and without any knowledge of the proceedings on the appeal, or participation in it. Neither was Day a party to the *scire facias* as defendant before the magistrate, as the amendment desired would have made him.

Judgment affirmed.