# Richter *versus* Cummings *et al.*

| 60 | 441 |
|---|---|
| 30 SC | 105 |

1. A scire facias sur judgment must follow the original judgment in amount, date and parties; a failure in this respect is decisive against the admissibility of the record on the plea of nul tiel record.

2. A judgment was entered against several, one of whom was surety and afterwards paid the debt. A scire facias to his use could not be maintained, omitting him as one of the defendants.

3. The legal plaintiffs could maintain the scire facias, for the benefit of the defendant paying and entitled to be subrogated: the court would take care that the execution should be for the use of the proper party.

4. The error in omitting one of the defendants is amendable under the Act of May 4th, 1852 (Amendments.)

5. A guardian party to a suit is admissible as a witness under the Act of 27th May, 1865, which is a remedial act and should be liberally expounded.

January 26th 1869. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., absent. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Snyder county:* Of July Term 1868, No. 131.

This was a scire facias sur judgment to May Term 1866, by Frederick Richter, guardian of Martha E. Richter, for her use and now for the use of John P. Richter against Elizabeth Richter, Albert Cummings and Louisa Cummings. The defendants pleaded payment with leave, &c., and "nul tiel record."

On the trial before Woods, P. J., September 24th 1867, the plaintiff offered in evidence the record of a judgment. Frederick Richter, guardian of Martha E. Richter, against Elizabeth Richter, A. S. Cummings, L. E. Cummings and John P. Richter, entered in the Court of Common Pleas of Snyder county on the 30th of March 1861 on a bond and warrant for $1172.38, to be followed with proof that this was the debt of A. S. Cummings and Elizabeth Richter who had assumed its payment. The defendants objected to the admission of the offer; it was admitted by the court, and a bill of exceptions sealed.

The plaintiffs then called Frederick Richter, the plaintiff, on the record. He was objected to on the ground of interest, but admitted by the court, and a bill of exceptions sealed. He testified that he took the judgment as guardian of Martha E. Richter, for money owing by Cummings; it was a lien on land of William Richter for whom Cummings was guardian; William Richter having died, Elizabeth Richter bought his land and promised to pay the judgment to the witness. Evidence was also given that John P. Richter, the equitable plaintiff, had paid $833.28 on account of the judgment.

The court charged:

"This is a sci. fa. on a judgment against the defendants and John P. Richter, in which, as proved by Frederick Richter, John P. Richter was only the bail of Dr. A. S. Cummings, and that Mrs. Richter bought the farm of William H. Richter, out of which this judgment originally was to be paid, and promised to pay the judgment. Under all the evidence in the case, your verdict will be for plaintiff for the amount of his claim." The verdict was for the plaintiff for $963.53. The defendants having removed the judgment to the Supreme Court, assigned for error the admission of the record of the judgment and of Frederick Richter and the charge of the court.

*J. C. Bucher*, for plaintiffs in error.—A scire facias on a judgment is but the continuance of the original writ: Irwin *v.* Nixon, 1 Jones 425. On plea of nul tiel record a variance between the judgment and writ is fatal: Eichelberger *v.* Smyser, 8 Watts 184; Cox *v.* Hymas, 2 Strange 1171; Walker *v.* Pennel, 15 S. & R. 68; Arrison *v.* Commonwealth, 1 Watts 374; Davis *v.* Norris, 8 Barr 122. All parties to the judgment must be parties to the writ: Grenell *v.* Sharp, 4 Wharton 344. Frederick Richter was inadmissible both as a party to the record and as the assignor of the judgment: Post *v.* Avery, 5 W. & S. 510; Wolfe *v.* Finks, 1 Barr 441; Lawson *v.* Ohio and Penna. Railroad, 1 Grant 329; Act of March 27th 1865, § 1, Pamph. L. 38, Purd. 1389, pl. 1.

*A. C. Simpson*, for defendant in error.—If there be error in omitting the name of any defendant, it is amendable under the Acts of May 4th 1852, § 2, Pamph. L. 574, April 12th 1858, § 1, Pamph. L. 243, Purd. 47, pl. 3, 4. Whether a mistake of law or fact it was amendable: Druckenmiller *v.* Young, 3 Casey 97. The error does no injury to defendant, and the court therefore will not reverse: Unangst *v.* Kreamer, 8 W. & S. 401; Eldred *v.* Hazlett, 2 Wright 33. J. P. Richter had a right to be substituted for the plaintiff being a surety; Mehaffy *v.* Share, 2 Penna. R. 378; Kyner *v.* Kyner, 6 Watts 221.

[Richter *v.* Cummings.]

The opinion of the court was delivered, February 23d 1869, by THOMPSON, C. J.—The principle is undeniable that a sci. fa. sur judgment must follow the original judgment in amount, date and parties: Grenell *v.* Sharp, 4 Wh. 344, and authorities therein referred to. A failure in this respect is decisive against the admissibility of the record when there is a plea of *nul tiel record.* The replication *habetur tale recordum* would at once be disproved by a judgment different from that recited in the sci. fa. This was just the difficulty here. The name of John P. Richter, one of the defendants in the original judgment, was omitted in the sci. fa., and, of course, there was a variance between the writ and the judgment sought to be revived. This was most certainly not a mere clerical error, for the defendants in error endeavor to justify the omission, because he was marked as the use-man on the record. But there was no necessity for this. The legal plaintiffs were sufficient to maintain the sci. fa. for the benefit of the party paying the money and entitled to be subrogated. The authorities for this are so numerous that we will not encumber this opinion with them. Had the record been recited as it existed, there would not have been the least difficulty in a recovery, and the court below would have taken care that the execution should be for the use of the party equitably entitled. But it was not so recited, and it was not admissible in evidence, the name of a defendant being omitted.

Is this an amendable error? We think it is under the Act of 4th May 1852. Certainly J. P. Richter would not object either to an amendment adding his name, or the erasure of his name as the use-man. The query has been whether we ought to consider the amendment as made. It is enough, perhaps, to say that we have not hitherto regarded proceedings as amended which were amendable below, excepting where the error being found has been overlooked or discovered after a trial on the merits. Strictly the error here is formal, but we cannot substitute or add parties, at least unless it were asked for and not resisted. That is not the case here, and we must send the cause back to be proceeded in in accordance to law and practice, there being error in the admission of the record, and in the charge that the plaintiffs were entitled to recover.

We think the admission of Frederick Richter was clearly within the Act of 27th March 1865. He had no personal interest in the case on trial. He was on the record below solely, so far as anything to the contrary appears, in a fiduciary character, viz., as guardian of Martha E. Richter. In this proceeding his position remained the same, so far as the legal parties were concerned, but without the slightest personal interest. It was to change the policy of the law, which forbids parties to the record, although they might not be personally interested, from being witnesses, that

the Act of 1865 was passed. It is a remedial act and to be liberally expounded.

Judgment reversed, and *venire de novo* awarded.