*Twenty-sixth Judicial District.*

## Ju the Court of Common Pleas of Schuylkill County.

## BRESSLER *v.* MILLER, *et al.*

When one of the defendants (in a joint judgment against two) dies, the plaintiff cannot have execution without first issuing scire facias to bring in the personal representatives of the deceased, as the charge must be equal against all. The plaintiff cannot drop one defendant and proceed against the other. The execution must follow the judgment.

**Rule to show cause why the judgment and all subsequent proceedings in the case should not be set aside.**

Opinion delivered February 25, 1873, by

WALKER, J. The judgment was originally obtained against both defendants to December term, 1849, No. 351. The record shows that on February 1, 1869, the death of John Miller, one of these defendants, was suggested, and Catharine Miller, his administratrix, was substituted as one of the defendants.

On February 2, 1869, a scire facias was issued to March term, 1869, No. 439, against Andrew Miller and Catharine Miller, administratrix of John Miller, deceased, and judgment of revival was taken against Andrew Miller on March 22, 1869, for $53.

On this judgment thus served a fieri facias was issued to March term, 1872, No. 223. An alias fieri facias was issued to June term, 1872, and a venditione exponas to December term, 1872, against both parties. It is admitted that in November, 1870, Catharine Miller died.

These are the facts when this rule was granted.

The judgment was therefore taken against Andrew Miller and execution is now issued against him and Catharine Miller, administratrix of John (some two years after the death of Catharine Miller), and without any substitution on the record.

Under the provisions of the 33d section of the act of assembly of February 24, 1834, P. L. 77, Purdon's Digest, new, vol. 1, 425, page 100, "no execution for the levy and sale of any real or personal estate of a decedent can be issued upon any judgment obtained against him in his lifetime, unless his personal representatives have been first warned by a writ of scire facias to show cause against the issuing thereof."

In the present case the execution does not correspond with the judgment. The judgment is against Andrew Miller, and the execution is against him and the deceased administratrix.

Neither can the plaintiff drop one defendant and go against the other on a judgment against two or more. Grinell *v.* Sharp, 4 Wh., 344; Richter *v.* Cumming, 10 P. F. S., 441.

So when process is served on three defendants, the plaintiff cannot drop one and proceed against the other two. Marshall *v.* Lowery, 6 P. F. S., 281.

So also the *execution* must always pursue the *judgment,* and if the judgment be against them jointly, the execution must be against them jointly. Penoyer *v.* Bruce, 1 Ray, 244; Salk, 319; S. C., 2 Barnes, 172–210; 2 Bacon's Abridg., 725; Grinell *v.* Sharp, 4 Wh. 345.

If a judgment be joint and survives against the land, the execution that follows the nature of the judgment must be joint also. Commonwealth use of Huston *v.* Mateer, 16 S. & R. 419; Shaffer *v.* Watkins, 7 S. & R. 128.

There cannot be a separate execution on a joint judgment. 6 Term Report, 527.

The fieri facias must accord with the judgment. Brudenthal *v.* McKenna, 2 H. 160.

The variance, then, between the judgment and execution is fatal.

The law is settled that where a judgment is entered against two, and one defendant dies, the plaintiff cannot issue execution to sell land without first issuing a scire facias to bring in the representatives, as the charge must be equally against both. Stiles *v.* Brock & Co., 1 Barr, 217; Bellas *v.* Vanderslice, 8 S. & R., 452; Brown *v.* Webb, 1 Watts, 411; 4 Howard, 58.

A scire facias must properly recite the original judgment. Arrison *v.* Commonwealth, 1 Watts, 374; Dougherty Est., 9 W. & S., 189; Richter *v.* Cummings, 10 P. F. S., 441.

For these reasons the fi. fa. and all subsequent proceedings must be set aside.

Execution set aside.