## Schmidt *v.* Zeigler, Appellant.

*Judgment—Revival of judgment—Scire facias—Amendment.*

Where a scire facias to revive a judgment is correct in every particular, except the amount, the writ may be amended, since this can be done from the record itself.

On a scire facias to revive a judgment matters cannot be set up as a defense which are only appropriate in a proceeding to open the original judgment.

Argued Dec. 5, 1905. Appeal, No. 39, Oct. T., 1905, by defendant, from order of C. P. Schuylkill Co., March T., 1904, No. 292, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Max Schmidt v. Owen

Zeigler. Before RICE, P. J., ORLADY, SMITH, PORTER, MOR-
RISON and HENDERSON, JJ.   Affirmed.


Scire facias to revive a judgment.

Rule for judgment for want of a sufficient affidavit of defense.


SHAY, J., filed the following opinion:

The judgment sought to be revived in the above-stated case
is No. 9, May Term, 1899, which was entered for $426.42.
The præcipe for the sci. fa. is for $282.99, and the writ follows
the præcipe.   Counsel for plaintiff have filed a motion to
amend, and the authorities bear out his contention that this
variance is amendable and we have, heretofore, allowed the
same to be done.

In Dietrich's Appeal, 107 Pa. 174, it is held: " In order to
continue the lien of a judgment, the sci. fa. to revive must cor-
rectly recite the original judgment and substantially identify it,
as to parties, date and amount."   In delivering the opinion of
the court in this case, Justice PAXSON said: " We need not
discuss the question how far the proceedings are amendable.
The appellants did not ask to amend below or here :" Richter
v. Cummings, 60 Pa. 441.

In Willard v. Norris, 2 Rawle, 56 (63), and in Maus v.
Maus, 5 Watts, 315 (318), the right of amendment is clearly sus-
tained, and we have therefore no doubt our action in permit-
ting this amendment is justified by all the authorities.

We come now to the main question.

In Dowling v. McGregor, 91 Pa. 410, it is held: " The only
defense in the trial of a scire facias on a judgment is a denial
of the existence of the judgment, or proof of a subsequent
satisfaction or discharge thereof."

In Wise's Appeal, 99 Pa. 193, it is said: " In the trial of a
scire facias on a judgment, no inquiry into the merits of the
original judgment can be had, and the only defense is some
matter arising since the judgment.   The original judgment is
as conclusive in a scire facias to revive as in an action of debt
upon it."

In Trader v. Lawrence, 182 Pa. 233, the Supreme Court
say: " As the facts which constitute the alleged payment in this

mode, transpired before the last revival of the judgment, the learned court below refused to admit the testimony offered to establish payment, on the ground that only payment after the last revival could be admitted, under the uniform decisions of this court. Campbell's Appeal, 118 Pa. 128, where we said: "The only defense to a scire facias to revive judgment is a denial of its existence or proof of a subsequent discharge or satisfaction; and in such a proceeding the merits of the original judgment can not be inquired into." The judgment is affirmed: Stroud's Appeal, 109 Pa. 326 ; Conlyn v. Parker, 113 Pa. 29.

An affidavit and supplemental affidavit were filed by defendant, and after argument and upon examination of these we were of the opinion they were evasive and contradictory, and, viewed in the light of the cases above quoted, the main allegations were not a proper defense to a scire facias to revive a judgment. We then called for a further affidavit on the subject of payment and have all these before us now for disposition.

We eliminate from our consideration everything but the question of payment, arising since the last amicable revival. The existence of the judgment is not denied.

What have we, then, in these three affidavits on the question of payment?

Defendant alleges he purchased a lot from the plaintiff (in his original affidavit) in April, 1893, for $1,950. Two hundred dollars was paid in cash and a mortgage of $3,200, conditioned for the payment of $1,600, was given on this lot by the defendant to the Washington German B. & L. Association. This was done at the instance and request and for the use and benefit of the plaintiff, and was paid by the defendant in the usual way, being satisfied in 1903. At the further instance and request and for the use and benefit of the plaintiff, he signed and delivered to plaintiff a judgment note dated May 13, 1893, for $410, the same being then and there alleged and claimed, as deponent now fully believes was wrongfully and unjustly claimed, by plaintiff as a part of said consideration ; and upon which, deponent, after paying interest thereon from its said date up to May, 1900, to the amount of $155.95, and on May 11, 1901, paid the sum of $200 in cash on said principal of $410, all of

which several moneys paid as aforesaid, to wit: $1,600 by mortgage, $400 cash as above stated and $155.95 interest on said note, make a total of $2,155 paid by deponent to plaintiff on said purchase money price of $1,750, and being $405 more than said price. Wherefore deponent believes he has already paid much more than said stipulated price at first agreed upon.

It will be noted he does not aver that $1,600 was actually realized in cash on this mortgage to the saving fund, how much was taken off for premiums, etc., but alleges a payment of $1,600 in general terms.

To No. 9, May Term, 1899, an amicable sci. fa. was signed by defendant for $426.42.

In his first supplemental affidavit of defense, he says, after reiterating what is set forth above "he continued to pay the interest thereon up to and beyond the amicable revival of the same in March, 1899, and on May 11, 1901, paid $200 on said principal to George Moyer for plaintiff. Deponent further saith it was his intention to pay off in full said judgment before the last revival should expire and was making the adequate preparation to do so, when his premises were invaded, etc. ;" then going into matters totally foreign to a defense of this case.

On account of the contradictory statements in these affidavits, in one place alleging payment and in another saying he was making preparations to pay, we called for a supplemental affidavit, which we desired to state specifically, concisely and accurately how much had been realized on the saving fund mortgage and how much had been actually paid since the amicable revival.

In answer to this, we receive a long supplemental affidavit, the only part of which germain to the issue, is as follows : He again speaks of the $1,900 mortgage, but refrains from saying whether that amount was actually received in cash. " That deponent paid off the said mortgage and in good faith was paying the interest on the said $400 note, with the intention of paying the same in full, when he found his title assailed, etc."

" That said Schmidt assured the deponent that with the payment of down cash of $200 in April, 1893, and the payment of the mortgage in said Building & Loan Association, he, Schmidt,

would get his price of $1,750; that said mortgage upon its
satisfaction cost deponent $1,831.59; that deponent paid the
interest on said note up to, and after, the revival of the same
in 1899, to the amount of nearly $200; and since said revival
has paid about $259 thereon in interest and principal—all of
which amounts to over $2,400, paid on said $1,750, the orig-
inal debt.   That he is informed and believes and expects to
be able to prove that Schmidt got $1,280 cash in advance from
the said Washington B. & L. Association, which with the $200
of deponent's own money, paid April 3, 1893, and the $30.00
not credited by plaintiff, but paid since May, 1899, together
with the $200 paid May 14, 1901, would make total payments
of $1,710 to Schmidt directly on said debt, the interest being
paid in other payments heretofore referred to."

Here again in one breath, he claims he has overpaid plain-
tiff, and in the next shows it was not paid in full.

The amount which he actually claims to have paid since the
last revival and which plaintiff on argument admitted, was $230.
In the latter part of the last affidavit he only claims that $1,280
was realized on this mortgage.

But be that as it may, all these matters would be proper
subjects for consideration on a rule to open the original judg-
ment, but have no place in the consideration now before us.

Has payment been made in whole or in part since the amic-
able revival of this judgment in 1899?

We have answered this above by showing the deponent is
entitled to a credit of $230, since the revival and such interest
as he has paid since that period.   As to the balance he has
made no defense which we can consider, and the rule must be
made absolute as to that balance.

Now, January 16, 1905, rule absolute.   Let credit be given
the defendant for a payment of $230 on the principal sum and
such interest as he has paid since the last revival, judgment to
be entered for the balance and interest.   Prothonotary to as-
sess damages.

*Error assigned* was the order of the court.

*T. H. B. Lyon*, for appellant.

*L. D. Haughawout*, for appellee.

PER CURIAM, January 13, 1906 :

This is an appeal from a judgment entered for want of a sufficient affidavit of defense upon a scire facias to revive an earlier judgment. In the fourth and fifth assignments of error, however, the defendant complains of the action of the court relative to his application to open the original judgment. It is apparent that those assignments are not based on the record properly brought before us on this appeal. We therefore need not discuss them. We remark, however, that even if there were before us an appeal from the refusal of the court to open the judgment there would be no ground upon which we could base a reversal of that action of the court. The opinion filed by the learned judge shows that the matter came before him in reality upon petition and a responsive answer denying all the material allegations of the petition, and, we add, if there was any testimony outside of them before the court, or which the court ought to have received, it has not been printed and brought up for our consideration. Therefore the fourth and fifth assignments are dismissed.

Passing then to the questions properly raised upon this appeal, we refer first to the amendment of the writ of scire facias. The writ is not printed in the appellant's paper-book but it is not disputed that, except as to the amount, it correctly recited the judgment sought to be revived in every particular, including the number and term. It is apparent, therefore, that under the authorities cited in the opinion of the learned judge below and the appellee's brief it was amendable by the record itself ; and this being so, the court committed no error in making that order.

Confining attention to those matters which can properly be set up in defense to a scire facias to revive we find no error in the action of the court. The difficulty with the defendant's position on this appeal is that his defense, if he has any to the plaintiff's claim, is one that could not be set up in a proceeding to revive the original judgment. This has been shown quite clearly in the opinion filed by the learned judge below and we do not feel called upon to go over the ground again.

The judgment is affirmed.