144

## Salberg v. Duffee et al.

*W. W. Barbour*, for plaintiff; *J. H. Thompson*, for defendants.

BAIRD, P. J., May 19, 1934.—Upon the præcipe of the plaintiff's attorney, a writ of sci. fa. was issued to revive and continue the lien of a certain judgment entered to no. 46, September term, 1931, in which judgment C. O. Salberg is plaintiff and T. J. Duffee is defendant. The præcipe calls for notice to Theodore H. Duffee as terre-tenant. In the writ, however, the judgment sought to be revived is described as one having been obtained by Charles O. Salberg against "T. J. Duffee, defendant, and Theodore H. Duffee, terre-tenant", and in an affidavit of defense filed by the latter he takes advantage of this mistake, and denies that any judgment was entered against him as terre-tenant as set forth in·the writ. His affidavit of defense also contains certain other denials and averments.

The plaintiff moved for judgment against Theodore H. Duffee as terre-tenant for want of a sufficient affidavit of defense, and a rule to show cause was granted.

The misdescription of the judgment, as to parties thereto, in the writ of sci. fa. is clearly a mistake and therefore amendable. A writ of sci. fa. to revive a judgment with notice to terre-tenants may be amended at any time so as to make it conform to the original judgment: Maus v. Maus, 5 Watts 315; Schmidt v. Zeigler, 30 Pa. Superior Ct. 104.

As no affidavit of defense seems to be required of a terre-tenant, it is unnecessary to consider the grounds upon which the plaintiff's motion for judgment is based. It is not necessary for a terre-tenant to file an affidavit of defense to prevent judgment being rendered against lands held by him. The only thing he is required to do is to put in his plea that he is not a terre-tenant of the defendant, or that he holds, owns, or possesses no land upon which the judgment is a lien. And, if he does file an affidavit of defense, a rule for judgment for want of a sufficient affidavit of defense will be discharged: Kelley & Co. v. Place, 11 Dist. R. 608; Duggan v. Strange, 22 Dist. R. 638. Although these are lower court cases and are not therefore controlling, we have made an independent search of the law and have reached the same conclusion. There is neither statute nor rule of court requiring an affidavit of defense by a terre-tenant, and, none being required, it follows that judgment against Theodore H. Duffee, as terre-tenant, cannot be taken for want of a sufficient affidavit.

Now, May 19, 1934, motion refused and rule discharged.

From John H. Cartwright, Ridgway, Pa.