## Warner v. Warner

*Calvin J. Friedberg*, for plaintiff.

*Raymond L. Brennan*, for defendant. .

PALMER, P. J., January 14, 1957.—Plaintiff, Charles P. Warner, filed a praecipe for a writ of scire facias to revive a judgment entered to no. 401, March term, 1949, on January 7, 1955. The record shows that the copy of the writ in the office of the prothonotary is undated, unsigned by the prothonotary and does not have the seal of the court affixed thereto. The sheriff filed a return of service showing personal service of the writ upon defendants.

On March 7, 1955, the return day of the writ, defendant, Clara Stahler, terre-tenant, entered an appearance d. b. e. and filed a motion to quash the writ of scire facias because of the failure of the prothonotary to sign and date the writ and affix the seal of this court. This matter was subsequently placed upon the argument list.

After the date for argument had been fixed, counsel for plaintiff filed a petition to amend the writ nunc pro tunc, on November 13, 1956. This petition provided for amending the writ in order to correct the defects herein set forth.

The purpose of a writ of scire facias is to serve notice upon defendants of plaintiff's action, in order that they may enter a defense: Fidelity and Deposit Company v. Keiper, 165 Pa. Superior Ct. 18.

The defective writ in this case was duly and properly served upon defendant terre-tenant, during her lifetime, and therefore her rights were not impaired by the defects as she had been properly notified of the proceeding against her. Defendant terre-tenant has since died, and the First National Bank and Trust Company of Schuylkill Haven, her fiduciary, has been substituted as defendant.

The failure of the prothonotary to sign and affix a date to the writ and the seal of this court rendered the writ defective so as to be invalid. These deficiencies are not mere formalities but are requisites of proper execution of the writ: Buehler v. Paxson, 33 D. & C. 583. However, as indicated by the court in that case, similar defects may be corrected by amendment. The right to amend a writ of scire facias to revive a judgment has long been recognized in this State: Schmidt v. Zeigler, 30 Pa. Superior Ct. 104; Richter v. Cummings, 60 Pa. 441; Maus v. Maus, 5 Watts 315.

The rule that amendments are to be granted liberally at the discretion of the court in order to further

the ends of justice and protect the rights and interests of all parties has been stated many times. It is now set forth as rule 126 of the Pennsylvania Rules of Civil Procedure.

The failure to grant the petition to amend in this case would render irreparable harm to plaintiff. He would lose his lien and all rights under the judgment because of circumstances over which he had no control. Plaintiff and his counsel were under no duty to watch over the prothonotary in the conduct of his routine duties to see that all requirements of proper procedure were carried out by that official. Defendant terre-tenant's estate has not suffered the loss of any right because of the defective writ. The writ when served by the sheriff had accomplished its purpose and defendant terre-tenant's right to enter any defense was not impaired nor impeded in any manner because of the defects.

The remaining question raised by defendant terre-tenant's estate is that of laches. The judgment sought to be revived by writ of scire facias would not have lapsed until July 17, 1955. Counsel for plaintiff had notice of the defective writ on March 7, 1955, the return day of the writ, but did not file a petition to amend until November 13, 1956, some time after the case was placed on the argument list.

The doctrine of laches is an equitable doctrine and will not be invoked for the mere passage of time. Where the passage of time in itself would not injure the rights and interests of the party seeking to invoke the doctrine, it will not be invoked without considering all the facts and circumstances surrounding the case: Schireson v. Shafer, 354 Pa. 458; Gribben v. Carpenter, 323 Pa. 243; Randall's Estate, 341 Pa. 501.

The lack of diligence on the part of plaintiff's counsel cannot be imputed to plaintiff in such a manner as to forever bar him from his rights and, as said before,

the doctrine of laches will not be invoked where the passage of time did not in any manner impair the rights of defendant terre-tenant's estate.

And now, January 14, 1957, the motion of defendant terre-tenant's estate to quash the writ of scire facias is overruled and the petition of the plaintiff to amend the writ of scire facias nunc pro tunc is hereby granted.

And now, January 14, 1957, an exception is allowed defendant on motion of Raymond L. Brennan, Esq.